[No. 1504, January 14, 1913.]

## SIMON VORENBERG, COMPANY, Appellant, v. ELI-JAH BOSSERMAN, Appellee.

### SYLLABUS (BY THE COURT).

1. An acknowledgment in the following form: "This mortgage was acknowledged before me by................, this..................day of....................A. D. 19..," held not to be a substantial compliance with the statutory requirements, and to be invalid.

2. A chattel mortgage not properly acknowledged is not entitled to record and furnishes no constructive notice.

3. An acknowledgment is not necessary to the validity of a chattel mortgage between the parties.

4. The words, "also the wool clipped from said ewes" held sufficient to cover wool afterwards clipped from same.

5. Sections 2361, 2362, C. L. 1897, require the recording of a chattel mortgage as against a subsequent attaching creditor.

Appeal from the District Court, of Mora County, before D. J. LEAHY, D. J.

W. J. LUCAS and S. A. FOUTZ, for Appellant.

The judgment must be predicated upon the ground that

a defectively acknowledged chattel mortgage is superior to the lien of an attaching creditor without actual notice. Secs. 2361, 3949, C. L. 1897; sec. 1, chap. 14, laws of 1907; Green v. Van Buskirk, 7 Wall. 150; Cobbey on Chattel Mortgages, sec. 475.

The chattel mortgage in question here is fatally defective. C. L. 1897, sec. 3949; 1 A. & E. Enc. of Law, 544-545; Clarke v. Graham, 6 Wheat. 579; Lewis v. Herrera, 208 U. S. 313; Summers v. White, 71 Fed. 106; Hendon v. White, 52 Ala. 597; Chadwick v. Carson, 78 Ala. 116; Carlisle v. Carlisle, 78 Ala. 542; French v. French, 3 N. H. 234; Merwin v. Camp, 3 Conn. 35; Heelan v. Hoagland, 7 N. W. 282; Hout v. Hout, 20 Ohio St. 124; Smith v. Hunt, 42 Am. Dec. 201; Kitchen v. Schuster, 89 Pac. 264.

It is a well settled rule that if a chattel mortgage, by its terms, does not clearly include after-acquired property it will not be extended by inference. Cobbey on Chattel Mortgages, sec. 356; Montgomery v. Chase, 30 Minn. 132; 14 N. W. 586; Farmers Loan & Trust Co. v. Commercial Bank, 15 Wis. 424; Phillips v. Both, 58 Ia. 499; 12 N. W. 481; 5 A. & E. Enc. of Law, 982; First Natl. Bank v. Mackintosh & Peters Live Stock & Com. Co., 84 Pac. 535.

As to the meaning of the word "increase" used in a chattel mortgage on sheep. Alferitz v. Boagwardt, 126 Cal. 206; 58 Pac. 460; Stringfellow v. Sorrells, 82 Tex. 277; 18 S. W. 689; Pubert v. Unfried, 91 Pac. 776; 17 A. & E. Enc. of Law, 11.

W. R. Holley, for Appellee.

As to description of property in mortgage. 6 Clc. 1022, 1009, 1010, 1034.

Courts take judicial notice that sheep are sheared in summer time. 16 Cyc. 852, 854, 874, 876, 878.

In New Mexico all personal property is the subject of a chattel mortgage except growing crops. Sec. 2360, C. L. 1897; First Natl. Bank v. Stewart, 13 N. M. 551.

As to the meaning of the word "increase" in chattel mortgage. Sibert v. Unfriend, 91 Pac. 776; Alferitz v. Ingalls, 83 Fed. 964; Alexander v. Tennessee C. G. & S.

Vorenberg v. Bosserman, 17 N. M. 433.

Mining Co., 3 N. M. 255; Herrera v. Chaves, 2 N. M. 86; Montoya v. Donahue, 2 N. M. 214; Bryant v. Pennall, 14 Am. Rep. 550.

At common law chattel mortgages were not required to be recorded. Maxwell v. Tufts, 8 N. M. 396; Ilfeld v. Baca, 13 N. M. 32.

Unless aided by statute, an unrecorded conveyance prevails over an attachment. 4 Cyc. 638; Bank v. Petaluna Savings Bank, 35 Pac. 170; Wallace v. Mahaffy, 12 Pac. 705; Maudon v. Fullenwider, 100 N. W. 296; Moorman v. Gibbs, 39 N. W. 832; Bink v. Johnson, 37 Kas. 337.

The forms of acknowledgment not mandatory. Cane v. Nemocke, 8 N. W. 1056; 36 Cyc. 1161; Wilson v. Quigley, 17 S. W. 891; Kley v. Geiger, 30 Pac. 727.

The necessity of acknowledgment to the validity of an instrument is dispensed with in New Mexico. Sec. 17, chap. 62, Laws of 1901.

By sec. 2361 C. L. 1897, instruments having the effect of a mortgage on personal property must be acknowledged and recorded the same as conveyances affecting real estate. Secs. 3955, 3960, C. L. 1897.

The only purpose of acknowledgment is to make prima facie evidence of execution and to entitle the same to record. Ilfeld v. Baca, supra; Kitchen v. Schuster, supra; First National Bank v. Haverkampf, supra.

W. J. LUCAS and S. A. FOUTZ, for Appellant in Reply.

As to the interpretation and construction of the word "increase" in connection with a mortgage on animals. 17 A. & E. of L. 12; Alferitz v. Ingalls, 83 Fed. 964; Alferitz v. Bergwardt, 58 Pac. 460; Sibert v. Unfried, 91 Pac. 776.

Sec. 2361 of the C. L. of 1897 provides that thereafter all chattel mortgages shall be acknowledged by the owner or mortgagor, and recorded in the same manner as conveyances affecting real estate. The statute is silent as to the effect of failure to acknowledge or record a chattel mortgage. Kitchen v. Schuster, 14 N. M. 16; First Natl. Bank v. Haverkampf, 126 Pac. 31; 1 A. & E. Enc. of L. 490; 1 Cyc. 517, 529; 6 Cyc. 1000.

It is elementary that the recordation of an instrument

which is defectively acknowledged, is a mere nullity and is not notice to creditors and subsequent purchasers of the rights claimed by the grantee. Shultz v. Moore, 1 McLean 520; Morton v. Smith, 2 Dill. 316; Hodgson v. Butts, 3 Cranch. 140; Doe v. Smith, 3 McLean 362; Sicard v. Davis, 6 Pet. 124; Hepburn v. Dubois, 12 Pet. 345; Hill v. Gordon, 45 Fed. 276.

As to the invalidity of the mortgage in this case by reason of its not being acknowledged as required by statute. Sec. 3949 C. L. 1897; 1 A. & E. Enc. of L. 544; 25 A. & E. Enc. of L. 633; Ex Parte Jordan, 94 U. S. 251; National Water Works v. Hubbert, 112 Fed. 723; Campbells Lumber Co. v. Hubbert, 112 Fed. 723.

The statute expressly provides that chattel mortgages shall be acknowledged. Sec. 17, chap. 62, laws of 1901; sec. 2361, C. L. 1897; Lewis v. Herrera, 208 U. S. 313.

W. R. HOLLY, for Appellee, on re-hearing.

It was clearly the intention of the legislature to have the law uniform in regard to both chattel and real estate mortgages, and there is no reason why there should be a distinction between the two classes of mortgages. Chap. 36, laws of 1876; secs. 1586, 1587 and 1588 C. L. 1884; sec. 4, chap. 36, laws of 1876; sec. 2361 C. L. 1897; sec. 3955, C. L. 1897; Kitchen v. Schuster, 14 N. M. 164; First Natl. Bank v. Haverkampf, 16 N. M. 497; 36 Cyc. 1146.

A statute repealed is considered as if it never existed. 36 Cyc. 1169.

Matters omitted from a statute whether by inadvertence or otherwise, cannot be supplied by the courts even though as a result the statute is a nullity. Swift v. Luce, 27 Me. 286; Kunkalman v. Gibson, 171 Ind. 503; Siren v. State, 78 Neb. 778; U. S. v. Musgrave, 160 Fed. 700; Ripley v. Gifford, 11 Ia. 367; State v. Reneau, 75 Neb. 1; Benton v. Wickwire, 54 N. Y. 226; 36 Cyc. 1080; Buck v. Spofford, 31 Me. 34.

Statutes in derogation of the common law will be strictly construed. Romero v. Railway Co., 11 N. M. 679; 36 Cyc. 1178.

Recording statutes are in derogation of the common law

and will be strictly construed. Ilfeld v. Baca, 13 N. M. 32.

An attaching creditor secures only the right of the debtor, the creditor not being classed as a purchaser. 4 Cyc. 632, 635.

An unrecorded chattel mortgage and an unrecorded contract of conditional sale are invalid against an attacking creditor only when the statute requires them to be recorded against an attaching creditor. 4 Cyc. 637; Redewill v. Gillen, 4 N. M. 72; Maxwell v. Tufts, 8 N. M. 396; Territory v. Davenport, 124 Pac. 795.

When a statute is taken from another State, the decisions of the courts of the State from which it is taken are binding upon the courts of the State adopting it. Lutz v. Railway Co., 6 N. M. 496; Romero v. Railway Co., 9 N. M. 679; De Baca v. Wilcox, 11 N. M. 346; Coulam v. Daull, 133 U. S. 216; Armijo v. Armijo, 4 N. M. 57; Hughes v. McDivitt, 102 Mo. 77; Warder v. Henry, 117 Mo. 530.

## OPINION OF THE COURT.

PARKER, J.—Appellants levied an attachment on a quantity of wool owned by O. S. and O. G. Keysor, partners as Keysor Brothers. Appellee intervened, setting up a chattel mortgage upon certain property described therein as follows:

"(1500) Fifteen hundred head of improved New Mexico, 3 year old ewes, together with increase, and branded "O" on right hip. Also wool clip from above ewes. The above ewes are now located on Keysor Bros. Ranch, 11 miles southeast of Wagon Mound, Mora County, New Mexico, together with all increase and offspring of said live stock."

The wool levied upon was wool clipped from the sheep mentioned in the mortgage after its execution and before the attachment. The mortgage was acknowledged in the following form:

"State of Colorado,

"County of Denver.—ss.

"This mortgage was acknowledged before me by O. G. Keysor, this 11th day of April, A. D. 1911.

"BERNARD C. BUB,

"Notary Public."

The appellants had no actual notice of the mortgage, although the same was regularly recorded. Appellants demurred to the intervening petition as follows:

"That the said petition of intervention does not state facts sufficient to constitute a cause of action for the following reasons, to-wit:

"(a) That the instrument upon which said petition of intervention is based and alleged therein to be a chattel mortgage and which is referred to therein, and a copy attached thereto as exhibit 'A' thereof is not acknowledged as required by the laws of the Territory, now State of New Mexico, and the acknowledgment thereof and thereon fails to fulfill the requirements of the laws of the Territory, now State of New Mexico.

"(b) That because of the defective acknowledgment aforesaid, the said instrument alleged in said petition of intervention was not entitled to be placed of record in the office of the Probate Clerk of Mora County, New Mexico, and the recordation thereof did not constitute any notice to the plaintiff herein, and the lien of plaintiff's attachment is superior to such alleged chattel mortgage even though the same should be valid, which validity is hereby denied.

"(c) That the same alleged instrument, which is exhibit 'A' attached to the petition of the intervenor, even if not for other reasons invalid, is void as to the property attached by the plaintiff herein for the reasons that the property covered and included in said alleged chattel mortgage is not described with sufficient certainty."

The court over-ruled the demurrer and the appellants elected to stand on the same. They afterwards stipulated among other things, some of the facts stated above. The defendants in the case defaulted.

The court awarded judgment in favor of intervenor and directed the money realized from the sale of the wool (sold by stipulation of the parties) to be paid over to him. Appellants appeal from this judgment.

It is first argued by appellants that the mortgage is not properly acknowledged. The requirement of acknowledg-

ment is to be found in section 2361 Compiled Laws of 1897, in the following language:

"That hereafter all chattel mortgages, or other instruments of writing, having the effect of a mortgage or a lien upon personal property, shall be acknowledged by the owner or mortgagor and recorded in the same manner as conveyances affecting real estate * * * *"

This section was afterwards amended by section 1 of chapter 14 of the Laws of 1907, but in a particular not affecting the consideration of this case. The original requirements as to the contents of the certificates of acknowledgment in conveyances of real estate are to be found in section 3949 of the Compiled Laws of 1897, being a part of an act passed in 1852 and carried through the compilations of 1865 and 1884, and being in the following language:

"The certificate of acknowledgment shall express the fact of the acknowledgment being made, and also, that the person making the same was personally known to at least one of the judges of the court, or to the officer granting the certificate, to be the person whose name is subscribed to the writing or a party to it, or that it was proved to be such person by the testimony of at least two reliable witnesses."

Since that time forms of acknowledgment have been provided by statute, and declared to be sufficient in cases of all written instruments except commercial paper.

See sections 3945 and 3947 C. L. 1897. The form prescribed in Section 3945 is as follows:

"On this_____day of_____, before me personally appeared_____, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed."

It can hardly be contended, it seems to us, that the acknowledgment of the mortgage in question is a substantial compliance with the requirements of either section 3945 or 3949. Counsel cite in support of the sufficiency of the acknowledgment:

Wilson v. Quigley, 17 S. W. 891, in which case is cited, Hughes v. Sloan, 14 S. W. 660.

In both of those cases the omission to state that the person acknowledging the instrument was known to the officer, was held not to vitiate the acknowledgment. But in those cases the certificate contained a recital which showed that the party acknowledging the instrument was known to the officer. But in this case there is no recital that the mortgagor acknowledged that he executed the instrument, or that the person who appeared before the notary was the person described in and who executed the instrument. The recital is simply that the instrument was acknowledged by O. G. Keysor. This will not do. This is not a substantial compliance with the statute.

It is next urged by appellant that the mortgage not being acknowledged, was not entitled to record and, consequently gave no constructive notice. The proposition is evidently sound. Section 18 of chapter 62 of the lows of 1901 expressly provides that an instrument not duly acknowledged shall not be entitled to be filed and placed of record, nor considered of record, though so entered. Under this statute the instrument was not entitled to record and, under the prevailing doctrine, gave no constructive notice.

It is further urged that the absence of a valid acknowledgment rendered the instrument void. The argument is clearly unsound. The general doctrine is that in the absence of statute expressly so providing, an acknowledgment is no part of an instrument, and is not necessary to its validity. 1 Cyc. 513; Kitchen v. Schuster, 14 N. M. 164, 176.

The argument is based upon the language of section 2361 of the Compiled Laws of 1897, where the imperative form "shall" is used. But nothing is contained in the act declaring the instrument to be void in case it is not acknowledged. It is to be further noted that a later statute, section 17 of chapter 62 of the laws of 1901 provides that an acknowledgment shall not be necessary to the execution of any instrument, unless expressly so provided by statute. Section 2361 cannot be held to expressly provide

any such consequences of failure to acknowledge an instrument.

The description of the property in the mortgage is questioned for uncertainty. Appellee urges that the word "increase" is sufficiently broad to cover wool clipped from sheep and cites Alferitz v. Ingalls, 83 Fed. 964.

The weight of authority seems, however, to be to the contrary. Alferitz v. Boagwardt, 58 Pac. 460; Stringfellow v. Sorrells, 18 S. W. 689; Pubert v. Unfried, 91 Pac. 776.

But we are not called upon to decide, nor do we, whether the word "increase" in a chattel mortgage, includes the annual clip of wool from sheep. The language used in this mortgage precludes the giving of such effect to the word. If the word "increase" is to include the wool, then the words, "also the wool clipped from said ewes" become superfluous and should be disregarded. This cannot be done. Under the familiar general rule of construction, every word used by the parties to a contract must be given its full and fair meaning and operation. In this case, therefore, it is apparent that the parties intended to, and did, measure their respective rights as to the wool by the words, "also the wool clipped from said ewes."

Do those words sufficiently identify the property? It is argued that the description is uncertain because it is not stated whether the wool has been, or is to be clipped. This argument is palpably unsound. If any person were called upon to state a description of wool already clipped from sheep, he would necessarily describe it as a certain amount of wool located at a certain place. Wool, after it has been clipped from sheep, bears no further relation to the sheep in ordinary commercial transactions. The words here used necessarily refer to wool to be clipped from the sheep, and we assume that counsel for appellant would have no criticism of such description. We are not unmindful in this connection, of the rule relied upon by appellants, that a chattel mortgage must clearly by its terms include after acquired property, or it will not be covered.

Jones on Chattel Mortgages, 5th Ed. sec. 173a.

But the property in this case is not strictly after acquired

property as usually spoken of in the books, the property having a potential existence at the time of the execution of the mortgage. The language used in the description clearly indicates and describes the sheep from which the wool was clipped, and clearly indicates an intention to subject the wool to the mortgage, and is therefore sufficient.

We have then a case of a contest between an attaching creditor with no actual notice, and a mortgagee with a mortgage valid between the parties, but unacknowledged and, although recorded, improperly so, and furnishing no constructive notice.

To support the judgment, appellee relies upon three cases decided by the Territorial Court, but it will be seen that in neither of them was the question now before the court decided. In Ilfeld v. Baca, 13 N. M. 32, the question was as to the effect of the failure to record a deed of real estate, and the court there held, under Section 3953 C. L. 1897, which does not include creditors, that that section was intended for the protection of subsequent purchasers and mortgagees only. In Kitchen v. Schuster, 14 N. M. 164, the controversy was between a mortgagee with an unacknowledged and unrecorded mortgage and a subsequent purchaser of the chattels covered by the mortgage. But the question was as to whether the purchaser had actual notice of the mortgage, the court holding that if he had, the mortgage would prevail. In Bank v. Haverkampf, 16 N. M. 497, there was a controversy between the mortgagee and an alleged fraudulent transferee of some of the mortgaged property and also the trustee in bankruptcy of the mortgagor's estate. The mortgage had been withheld from record for a long time and the question was whether this fact rendered the mortgage fraudulent in law, and the court held that it did not. No specific liens by attachment or otherwise had been obtained by the creditors. There is some language in this case which might justify the inference that creditors are in no instance included within the protection of the recording acts, but, as seen, no such question was before the court. The exact question in this case has never been decided in this jurisdiction.

We assume that the profession would unqualifiedly say

that in this jurisdiction a chattel mortgage must be re-
corded in order to retain its priority over a subsequent at-
taching or execution creditor. But there is no specific
statutory provision to that effect, and such a conclusion
can be reached only by construction. The only statute
touching upon the question is section 2362 of the Compiled
Laws of 1897, which is as follows:

"Every mortgage so filed shall be void as against the
creditors of the person making the same, or against sub-
sequent purchasers, or mortgagees in good faith, after the
expiration of one year after the filing thereof, unless with-
in thirty days next preceding the expiration of the term of
one year from such filing, and each year thereafter the
mortgagee, his agent or attorney, shall make an affidavit
exhibiting the interest of the mortgagee in the property at
the time last aforesaid, claimed by virtue of such mort-
gage, and if said mortgage is to secure the payment of
money, the amount yet due and unpaid; such affidavit
shall be attached to, and filed with the instrument or copy
on file to which it relates."

This is an old section, being sec. 4 of chapter 36 of the
Laws of 1876, and has been retained ever since that time.
The act of 1876 provided for the filing of the original
mortgage which was to be retained by the recorder, and
also provided that either an actual and continued change of
possession of the chattels mortgaged, or the filing forthwith
of the original mortgage with the recorder, must be had,
or such mortgage should be void as against the creditors
of the mortgagor and subsequent purchasers and mortga-
gees in good faith. In 1889 the legislature specifically re-
pealed three of the sections of the act of 1876, but allowed
the section above quoted to remain. It substituted for the
filing of the original document with the recorder, a provi-
sion for acknowledgment and recording of the same, and
the act now appears as section 2361 of the Compiled Laws
of 1897, chapter 73, Laws of 1889. In this act the legis-
lature omitted to provide that in case of failure to record
the instrument, it should be void as to the creditors of the
mortgagors. Since that time the law has remained un-

changed, except for a minor amendment which has been heretofore referred to.

It will be observed that section 2362 above quoted does not provide that the mortgage shall be void as against the creditors of the mortgagor unless recorded, but provides that in case of the failure to file a renewal affidavit within the stated time, it shall become void as to the creditors. It is apparent that the legislature has assumed that the law during all these years has required the recording of chattel mortgages in order to preserve their priority as against creditors. Otherwise an absurd situation would be presented. If the statute does not require the recording of a chattel mortgage as against creditors, then for one year after its execution, it would be valid, but at the end of the year it would become invalid, not because it had not been recorded, but because an affidavit of renewal had not been filed. If the mortgage had not been filed for record, then there would be no record of a mortgage concerning which the affidavit of renewal should be filed, and the whole section would thereby become nugatory. The act of 1889 is not a comprehensive act covering the whole subject of chattel mortgages, but merely is intended to change the form of record notice to the world, of chattel mortgages. We therefore hold that section 2363 is sufficient regarding the recording of a chattel mortgage as against the creditors of the mortgagor.

For the reasons stated, the judgment of the District Court will be reversed and the cause remanded with instructions to proceed in accordance with this opinion, and it is so ordered.