Ames v. Robert, 17 N. M. 609.

---

[No. 1529, April 10, 1913.]

BEN AMES, Appellee, v. SALLIE L. ROBERT, Appellant.

### SYLLABUS (BY THE COURT).

1. Where a mortgage deed is made, specifically describing certain real estate, and such description concludes with the words, "and all other real estate which we may own in Chaves County, New Mexico, or have an interest in," nothing passes, under such concluding clause, except such property as is then vested in grantors by legal title.

2. A deed of land, though not recorded, is good as between grantor and grantee, and divests the title of the for-

mer, so that it does not pass to a subsequent grantee, or
mortgagee, who takes a conveyance only of the estate which
belongs to the grantor at the time of the grant.

Appeal from District Court, Chaves County.

D. W. ELLIOTT, for Appellant.

A contract for the sale of land, whereby further pay-
ments are to be made, is not a sale of the land, and the
placing of such a contract, together with a deed, in escrow,
is not a sale, and conveys no title until the last payment
has been made and the deed actually delivered to the gran-
tee. Jackson v. Rowland, 22 Am. Dec. 557; Hibernia
Sav. & Loan Co. v. Farnham, 96 Pac. 9; May v. Emerson,
95 Pac. 454; id. 1065; Rathmel v. Shirley, 53 N. E. 1098;
Emmons v. Harding, et ux, 1 Am. & Eng. Cases, 864 and
note 868; 19 Cent. Dig. Escrow, secs. 11 and 13.

In the absence of circumstances or facts sufficient to
put one on inquiry as to the existence of an unrecorded
deed, a mortgagee has an absolute right to rely on the
public records. Ilfeld v. De Baca, 79 Pac. 723; Sheldon
v. Powell, 78 Pac. 491; Scott v. Farnham, 104 Pac. 639;
Swank v. Sweetwater Irr. Co., 98 Pac. 297; Kitchen v.
Schuster, 14 N. M. 165; Anthony v. Wheeler, 22 N. E.
494; Marling v. Nommenson, 7 Am. & Eng. Cases, 367;
Hull v. Deith, 52 Pac. 782; Mullins v. Butte Hdwr. Co.,
65 Pac. 1004; secs. 3953, 3954, 3955, C. L. 1897; Patter-
son v. De La Ronde, 8 Wall. 292.

Possession of lands to be notice to a purchaser of the
record title, of the existence of a prior unrecorded deed
must be not only open, notorious and visible, but must be
an unequivocal change of possession from the original
owner to the holder of the unrecorded deed. Philadelphia
Mort. & Trust Co. v. Peterson, 74 Pac. 585; Sanquinitti
v. Rossen, 107 Pac. 560; Campbell v. Grenman, 110 Pac.
157; Aden v. City of Valejo, 72 Pac. 905; Smith v. Yule,
85 Am. Dec. 167; Sheldon v. Powell, 78 Pac. 491.

In the absence of any allegation in the complaint or any
attempt to prove or offer to prove that this appellant had
notice, actual or constructive, evidence of the delivery of
the deed was inadmissible. 31 Cyc. 43 and 680; Suther-

land Code Pleading, p. 121, sec. 188; Jacobs v. First Natl. Bank, etc., 46 Pac. 396; Sheldon v. Powell, 78 Pac. 491; Campbell v. Grenman, 110 Pac. 157; Smith v. Yule, 85 Am. Dec. 167.

A description in a mortgage worded as "all the property of the mortgagor in a certain place," creates a lien on all the property owned by such mortgagor in that place. 20 Am. & Eng. Enc. of L. (2nd ed.), 970, 918; Wilson v. Boyce, 92 U. S. 608; Sally v. Gunter, 45 Am. Dec. 296; Carson v. Ray, 78 Am. Dec. 267; Central Law Journal, vol. 55, p. 303; 16 Cent. Dig., title "deeds," sec. 319.

REID & HERVEY and TOMLINSON FORT, for Appellee.

Assignments wholly based upon findings of fact by the trial judge will not be disturbed by the Supreme Court if there is sufficient evidence to support them. Carpenter v. Lindauer, 12 N. M. 388.

An agent of the grantor with whom a deed executed in blank has been left with authority to fill out the blanks before delivery may by so doing render the deed effective. McClung v. Steen, 32 Fed. 373; Warvelle on Vendors, (2nd ed.), vol. 1, sec. 482; 13 Cyc. 541; 16 Cyc. 588; Warville on Vendors, vol. 1, secs. 176, 185, 500, 506, 539.

Under sec. 3955, C. L. of New Mexico of 1897 and secs. 2809 and 2811 of the revised statutes of Missouri, courts have held that it is not necessary that positive knowledge of an unrecorded deed be brought home to the purchaser. Knowledge of any fact or facts which would put an ordinarily prudent person upon inquiry is sufficient. Maupin v. Emmons, 47 Mo. 304; State Bank v. Frame, 112 Mo. 502; Morrison v. Juden, 145 Mo. 282; Masterson v. Railway, 5 Mo. App. 604; Muldrow v. Robinson, 58 Mo. 352; Griffin v. Ry., 82 Mo. App. 93; Davis v. Briscoe, 81 Mo. 28; Shaffer v. Detie, 191 Mo. 377; 29 Cyc. 1113; Warvelle on Vendors, (2nd ed.) 609; 27 Cyc. 1037; Jamaica Pond Aq. Corp. v. Chandler, 9 Allen 159; Adams v. Cuddy, 13 Pick, 460; Chafin v. Chafin, 4 Gray 280.

No party shall be required to state evidence in his pleadings or to disclose therein the means by which he intends to prove his case. Sub-sec. 54, Code of Civil Procedure.

## STATEMENT OF FACTS.

On or about August 7, 1911, appellee entered into a contract with Anna P. Sutherland and her husband for the purchase of certain real estate in Chaves County, New Mexico. On the 15th day of August thereafter, the Sutherlands executed a warranty deed to said real estate, and the deed and contract were placed in escrow. The trial court found that the deed was delivered to appellee about January 15, 1912, and that appellee had entered into possession of the real estate prior to January 1, 1912. On January 27, 1912, Anna P. Sutherland and her husband executed and delivered to Wm. J. Chisum a mortgage deed, to secure the payment of the sum of $1,260, which mortgage deed conveyed certain real estate, specifically described in said mortgage, and all other estate which said mortgagors owned at said time in Chaves County, New Mexico, or in which they had an interest at said time. At the time of the execution of the mortgage by the Sutherlands appellee had not recorded the deed to him from the Sutherlands, and the real estate described in the deed to appellee was not specifically described in the mortgage deed executed by the Sutherlands to Chisum, and was not included therein, unless by the clause, "and all other real estate which we may own in Chaves County, New Mexico, or have an interest in." Some time in March following, Chisum, assigned the note and mortgage, executed to him by the Sutherlands to the appellant, and she claimed that the land deeded to appellee was included in and covered by the terms of the mortgage deed, so held by her. To remove this cloud and quiet his title appellee instituted this action. Wm. J. Chisum was joined with appellant, as a party defendant, but he filed a disclaimer. Appellant filed an answer, setting up her mortgage deed, and alleged that it was a lien upon the real estate claimed by appellee under said deed. A trial was had before the court, and findings of fact were made, and judgment rendered for appellee, quieting his title, as against said mortgage. From such judgment this appeal is prosecuted.

## OPINION OF THE COURT.

ROBERTS, C. J.—The trial court in this case made

findings of fact in accord with the preceding statement of facts, and as such facts so found are supported by sufficient evidence, such findings will not be disturbed by this court.   Carpenter v. Lindauer, 12 N. M. 388.   This being true, it is only necessary for this court to consider one proposition, viz:   Were the lands embraced in the deed to Ames covered by the description of the real estate mortgaged to Chisum under which mortgage appellant claims?

The mortgage contains a specific description of certain real estate, and concludes the description with this clause: "and all other real estate which we may own in Chaves County, New Mexico, or have an interest in." It is not contended by appellant that the property described in Ames' deed is covered by the real estate specifically described in the mortgage, but the contention is made that this clause is broad enough to cover, and does embrace the land deeded to Ames.   Ames not having recorded his deed at the time of the execution of the mortgage, had the mortgage specifically described the real estate therefore conveyed to him, title to the real estate would have passed under such mortgage in the absence of showing of knowledge of the existence of such unrecorded deed on the part of the mortgagee.

It is conceded without question, that ordinarily a general description of "all my property," or "all the property I own" in a specific location is good as to any property owned by the grantor, which is embraced in the terms of the general grant.   The cardinal rule that the intention of the parties as gathered from the instrument should prevail in the construction of the contract, is equally applicable to deeds.   It would therefore seem that the words "or have an interest in," would by the very terms of the instrument, indicate a clear intention not to convey more than the grantor's interest in any property that might be conveyed under this general clause. Grants under general words like the above, are not effective upon the idea that the description in the instrument is sufficient in itself to convey anything, but by the application of the rule *id certum estquod certum reddi potest,* the grantee is permitted to apply such description by

aliundi evidence to any property, that its terms may include. But this does not mean that the presumption of title as shown by the record, would be the only proof, or limit the proof to such facts as the record shows. In such a case such record proof would raise a mere rebuttable presumption and the question of the grantor's title would be determined by all the facts relative thereto. The rule is very different where the terms of the description of itself, defines the property conveyed, for in such a case we do not have to go beyond the record to determine this fact. But where the property conveyed is described in general terms, as in this case, the deed upon its face shows that we must look to extraneous evidence and facts to apply such description to the property conveyed. To grant by its very terms, limits its description to whatever real estate the grantor might own, or to grantor's interest in real estate in Chaves County, New Mexico.

"Where a contract for the sale and conveyance of lands remains executory, and no deed has passed, each of the parties has an interest in the premises which may be made the subject of a mortgage. A mortgage by the vendor in such circumstances, will pass to the mortgagee exactly the rights which remain in the vendor and no others." 27 Cyc. 1037. It is clear that under this rule, the general words of conveyance could not be construed to include any property in which the mortgagor had no interest, such as that conveyed by deed to Ames. In this case, from the findings of the court, it appears that the deed had been delivered, but was unrecorded when the mortgage was given. This being true, the mortgagor had no interest in the land included in Ames' deed at the time of the execution of the mortgage, and the mortgagee therefore could not claim a lien on the land conveyed to Ames. In Jamaica Pond Aqueduct Corporation v. Chandler, 9 Allen (Mass.) 159, it was held:

"A release of all the grantor's property, estates, rights and privileges, without further description, will not include land previously conveyed by him and an unrecorded deed, although the grantee had no knowledge of the existence thereof."

In the opinion in this case, Bigelow, C. J., said:

"When a deed is made of all grantor's real estate without description, nothing passes except such property as is then vested in him by legal title. A deed of land though not recorded, is good as between grantor and grantee, and divests the title of the former, so that it does not pass to a subsequent grantee, who takes a conveyance only of the estate which belongs to the grantor at the time of the grant." See also Adams v. Cuddy, 13 Pick. 460; Chaffin v. Chaffin, 4th Gray 280. Therefore in no view of the case was the mortgage of appellant a charge upon the land conveyed to Ames.

Appellant cites numerous authorities in support of the proposition that a description in a mortgage worded as "all the property of the mortgagor in a certain place" creates a lien on all the property owned by such mortgagor in that place. This is a correct statement of the rule, but does not apply in this case because of the fact that the mortgagors under whom appellant claims, did not own the land in question at the time of the execution of the mortgage.

Finding no error in the record, the judgment of the lower court is affirmed, and it is so ordered.