13 P.(2d) 877

## KITCHEN et al. v. CANAVAN.

### No. 3685.

Supreme Court of New Mexico.

May 26, 1932.

Rehearing Denied Sept. 9, 1932.

E. W. Dobson, of Albuquerque, for appellants.

A. T. Hannett, of Albuquerque, and A. L. Zinn, of Gallup, for appellee.

WATSON, J.

By the judgment here for review, the defendant, Canavan, upon her cross-complaint, was held to be the owner of an undivided one-half interest in the lands in question, and was awarded possession thereof. Plaintiffs had sued defendant to quiet their title. They have appealed.

The court found in substance that appellant Kitchen was owner of the lands on July 2, 1910; that on that date he executed and delivered to appellee and her husband a warranty deed therefor; that defendant had never parted with her interest therein; and that appellant Dobson had subsequently acquired from appellant Kitchen some interest in the property as compensation for legal services.

Appellant Kitchen's ownership on July 2, 1910, is unquestioned. All titles and interests here claimed are from that common source.

The principal contention of appellants is that the deed to the Canavans was erroneously received in evidence. Never having been either acknowledged or recorded, appellants contend that it has no legal effect.

We deem the law well settled to the contrary of the contention stated. Acknowledgment affords prima facie evidence of execution. Comp. St. 1929, § 1-114. Without it the instrument may not be admitted to record. Id. § 118-119. But its absence does not affect the validity of the instrument further or otherwise than as the statutes prescribe. Id. § 1-101. That the deed in question was not, and could not have been, recorded, does not affect its validity as between the parties. Sections 118-110, 118-113; Kitchen v. Schuster, 14 N. M. 164, 89 P. 261; Vorenberg v. Bosserman, 17 N. M. 433, 130 P. 438; Ames v. Robert, 17 N. M. 609, 131 P. 994; Chetham-Strode v. Blake, 19 N. M. 335, 142 P. 1130.

Some dissatisfaction is expressed with the findings. But we consider them well supported by the evidence.

The judgment will be affirmed and the cause remanded. It is so ordered.

PARKER and SADLER, JJ., concur.

BICKLEY, C. J., and HUDSPETH, J., did not participate.