618 P.2d 1228

**NEW MEXICO PROPERTIES, INC., a New Mexico Corporation, Petitioner-Appellee,**

v.

**LENNOX INDUSTRIES, INC., and Thermal Control, Inc., Respondents-Appellants.**

No. 12514.

Supreme Court of New Mexico.

Aug. 11, 1980.

Nordhaus, Moses & Dunn, John P. Viebranz, McCulloch, Grisham & Lawless, John A. Dean, Thomas L. Grisham, Anita Miller, Albuquerque, for respondents-appellants.

McCormick & Forbes, Carlsbad, for petitioner-appellee.

OPINION

FELTER, Justice.

Petitioner-appellee, New Mexico Properties, Inc., filed suit to cancel of record materialmen's liens upon real estate of appellee upon the ground that such liens do not bear acknowledgments required by law. Upon an order to show cause hearing, the trial court ruled that the liens bear defective acknowledgments and shall not be considered of record. We affirm the order and decision of the trial court.

Respondents-appellants, Lennox Industries, Inc., and Thermal Control, Inc., each filed materialmen's liens for certain heating and air conditioning equipment furnished and to be used in a Safeway store under construction upon land of petitioner-appellee. The liens so filed were on printed forms and each contained a verification in the following language, with the blanks thereon appropriately filled in, to wit:

On this ___ day of _____, 19___, before me the undersigned authority came _____ to me personally known to be the same person who signed the foregoing statement of lien claim, and on oath did state that he had read the foregoing statement of lien, and that the matters of fact set forth therein are true.

Witness my hand and seal this the day and year last above written.

_____, Notary Public

My Commission expires

Petitioner-appellee contends that before such a lien may be recorded, it must be acknowledged rather than verified. It is noted that the verification quoted does not contain the phrase "was acknowledged" or language that encompasses the definition of that phrase.

Section 14-8-4, N.M.S.A.1978 insofar as pertinent to the issue before us provides:

Any instrument of writing, duly acknowledged and certified, may be filed

and recorded. Any instrument of writing, not duly acknowledged and certified, may not be filed and recorded, nor considered of record, though so entered; . .

■ Section 14–13–9, N.M.S.A.1978 sets forth forms of acknowledgment that "may be used in the case of conveyances or other written instruments affecting real estate", and Section 14–13–21, N.M.S.A.1978 states what the words "was acknowledged" shall mean in the forms of acknowledgment provided by the act relating to acknowledgments and oaths [14–13–19 to 14–13–23, N.M.S.A.1978]. Generally, in the case of a corporate acknowledgment, the following recitals are required:

1. That the acknowledging officer or agent personally appeared before the officer taking the acknowledgment;

2. That the seal affixed is the corporate seal or a statement that the corporation has no seal;

3. That the instrument was signed by authority of the board of directors of the corporation and acknowledged by the officer or agent so signing to be the free act and deed of the corporation for the uses and purposes set forth therein.

Section 14–13–21.

No acknowledgment containing such recitals was made to either of the liens filed by respondents-appellants.

■ Section 48–2–6, N.M.S.A.1978, relating to the filing of claims of materialmen's liens provides that such "claim must be verified by the oath of himself or of some other person." An acknowledgment to a mechanic's lien in the form provided by Section 14–13–9 was held insufficient to comply with the verification requirement of Section 48–2–6. *Home Plumbing and Contracting Company v. Pruitt*, 70 N.M. 182, 372 P.2d 378 (1962). The absence of an acknowledgment to a deed or instrument of conveyance does not affect its validity or render it void as between parties. Section 14–13–12; *Kitchen v. Canavan*, 36 N.M. 273, 13 P.2d 877 (1932); *Vorenberg v. Bos-*

*serman*, 17 N.M. 433, 130 P. 438 (1913). Deeds are required to be acknowledged only for recordation and to protect the grantee against subsequent purchasers in good faith and without notice. *Garcia v. Leal*, 30 N.M. 249, 231 P. 631 (1924).

No contention is made that the verifications to the materialmen's liens in question are not in compliance with the requirement of Section 48–2–6. As between the parties to this action the liens in question are admittedly valid and binding. Section 14–13–2. Insofar as subsequent purchasers in good faith without notice are concerned, or other parties in interest, without notice, relying on the record status of the title to the lands described in the claims of lien are concerned, respondents-appellants' claims of lien are of no effect or are junior to the record claims or interests. The language of Section 14–8–4 is clear and explicit. Absent a valid acknowledgment, an instrument may not be treated as a recorded instrument. The verifications to the claims of lien fail to qualify as acknowledgments as defined by Sections 14–13–8, 14–13–9 and 14–13–21.

Respondents-appellants are left with all remedies available to a creditor, including foreclosure of liens, except as against persons whose rights rest upon the absence of a record in the office of the county clerk establishing a prior claim against the lands that are the subject of such liens.

The decision of the trial court is affirmed. This case is remanded to the trial court for further proceedings in conformity with law.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.