702 P.2d 999

**F & S COMPANY, INC.,**
**Plaintiff-Appellant,**

v.

**Roy GENTRY, Bobby R. Burch, Carol Burch, his wife and Ruby Middleton, Defendants-Appellees.**

**No. 15569.**

Supreme Court of New Mexico.

July 11, 1985.

Thomas L. Grisham, Grisham & Lawless, P.A., Albuquerque, for plaintiff-appellant.

Richard F. Rowley, II, Clovis, for defendants-appellees.

**OPINION**

WALTERS, Justice.

Plaintiff F & S Company (F & S) brought suit to foreclose a judgment lien against two parcels of real estate allegedly owned by defendant Gentry, F & S's judgment debtor. The district court dismissed the claim against one parcel and the matter went to trial on foreclosure against the other. Finding that Gentry had no interest in the subject realty, the court denied the foreclosure. Plaintiff appeals and we reverse.

Defendant Gentry originally acquired the subject realty as a co-tenant with Bobby and Carol Burch. The purchasers' deed was recorded with the Curry County clerk, on August 31, 1978. On September 1, 1978, Gentry and Burch formed a limited partnership called Sheridan Plaza, the purpose of which was to develop the real estate in question. On the same day, Gentry and Burch conveyed the property to the partnership, but they did not record that deed of transfer.

F & S's judgment against Gentry was entered on June 3, 1981. On October 19, 1981, plaintiff filed a transcript of judgment in the records of Curry County, and on June 7, 1982, it filed its complaint in foreclosure of the judgment lien against the subject property. Throughout this period, the deed transferring the property from Gentry and Burch to Sheridan Plaza, Ltd., remained unrecorded.

F & S asserts on appeal that, as a judgment lien creditor, it was entitled to rely on the records of Curry County. Because it conducted a title search which revealed no conveyances after Gentry obtained his interest in the property, it claims an absolute right to foreclose Gentry's interest.

F & S's position is supported by NMSA 1978, Sections 14–9–1 and 14–9–3 which require that:

> [a]ll deeds, mortgages, United States patents and other writings affecting the title to real estate * * * be recorded in the office of the county clerk of the county or counties in which the real estate affected thereby is situated

(§ 14–9–1), and that:

> [n]o deed, mortgage or other instrument in writing, not recorded in accordance with Section 14–9–1 NMSA 1978, shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith or judgment lien creditor, without knowledge of the existence of such unrecorded instruments.

NMSA 1978, Section 14–9–3.

■ It is uncontroverted that the deed from Gentry and Burch to Sheridan Plaza, Ltd., was not recorded until almost four years after that conveyance and nine months after this suit was filed. Sheridan Plaza's recordation of its deed on July 23, 1982, can have no effect on plaintiff's rights because "[t]he rights of the creditor are fixed by the condition of affairs as they existed at the time of the inception of [the] lien * * *." *Sylvanus v. Pruett*, 36 N.M. 112, 116, 9 P.2d 142, 146 (1932). Consequently, the unrecorded deed of September, 1978, could have no effect on F & S's rights.

■ Defendants' argument in favor of the trial court's ruling is based on the language in Section 14–9–3 denying the protection of the recording statutes to those with knowledge of an unrecorded instrument. The parties stipulated that plaintiff had no actual knowledge of the transfer, but defendants insist that F & S had constructive knowledge from the Certificate of Limited Partnership that was filed in the Miscellaneous Records of Curry County. Plaintiff, on the other hand, contends that it had no duty to search the Miscellaneous Records. With that particular contention we do not agree.

The parties do not dispute that the Clerk of Curry County maintains three separate books of recorded documents: one for deeds, one for mortgages, and one for all other documents. In order to find all transactions other than real estate conveyances and mortgages, one would have to search the last volume, Miscellaneous Records. Such a search is clearly required of a party who seeks the protection of the recording statutes. Anything discoverable from a reasonably prudent search of those records would serve as constructive notice. However, with defendants' argument that the Sheridan Plaza partnership certificate was sufficient to give notice to Gentry's transfer of interest, we do not agree.

■ Documents relating to land conveyances are recorded in Curry County under the name of the grantor and grantee; certificates of partnership are recorded under the partnership name. Although Gentry is a general partner of Sheridan Plaza, Ltd., his name does not appear anywhere in the index notation for that certificate. F & S had no reason to believe, nor was it in any way alerted, to the fact that the certificate had any relationship to Gentry or to the subject realty. Defendants argue that a search by tract or legal description would have revealed the certificate and disclosed the company's interest in the land. Unfortunately, the county clerk does not maintain any such index or record. It was agreed by the parties that some title ab-

stractors index their own records by parcel, but plaintiff is not required to resort to privately-owned records.

The Certificate of Limited Partnership would also otherwise fail as notice of the transfer, because it was not acknowledged. NMSA 1978, Section 14–8–4 (Cum.Supp. 1984) provides that:

> [a]ny instrument in writing, not duly acknowledged and certified, may not be filed and recorded, *nor considered of record, though so entered * * *.* [Emphasis added.]

In *New Mexico Properties Inc. v. Lennox Indus. Inc.,* 95 N.M. 64, 618 P.2d 1228 (1980), this court held that "[a]bsent a valid acknowledgment, an instrument may not be treated as a recorded instrument." *Id.* at 65, 618 P.2d at 1229.

Under either of defendants' theories, therefore, the partnership's certificate could not function as constructive notice to F & S of the conveyance of the realty from Gentry and Burch to Sheridan Plaza.

Since F & S was entitled to rely on the Curry County records indicating Gentry's continuing interest in the subject real estate, we remand to the District Court for an order foreclosing F & S's judgment lien against the property to the extent of Gentry's interest under the August 31, 1978 deed.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.