This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40132**

**MARGETTE WEBSTER a/k/a**
**MARGARET WEBSTER, as named**
**in judgment; and DAVID WEBSTER,**

Plaintiffs-Appellees,

v.

**EMMA R. SERNA, Individually and as**
**Trustee of the MIKE R. SERNA**
**IRREVOCABLE LIVING TRUST DATED**
**NOVEMBER 17, 2016; and MIKE R.**
**SERNA,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Court Judge**

Askew & White, LLC
Charles Lakins
Daniel A. White
Albuquerque, NM

for Appellees

Emma R. Serna
Mike R. Serna
Albuquerque, NM

Pro Se Appellants

**DECISION**

**IVES, Judge.**

**{1}** Plaintiffs Margette Webster and David Webster sued Emma Serna and Mike Serna in the present litigation (Case No. D-202-CV-2019-04800), seeking to enforce—via foreclosure on real property—a judgment that had been entered in the underlying litigation (Case Nos. D-202-CV-2007-00641 and D-202-CV-2007-09594). In the present litigation, the district court entered summary judgment against the Sernas, allowing the Websters to foreclose on 10812 Olympic Street Northwest in Albuquerque, New Mexico. Defendants appeal, raising various claims of error. Unpersuaded, we affirm.

**{2}** We begin by discussing the claims of error that are not properly before us and that we therefore decline to address on the merits. The Sernas challenge three orders and two writs entered by the district court in the underlying litigation, none of which may be appealed at this juncture. Ms. Serna was a party to the underlying litigation, and if she wished to appeal decisions made by the district court in that litigation—including the final judgment entered July 23, 2015, and a subsequent order in which the court ruled that "the judgment is against Emma Serna personally"—she could have done so by filing a timely notice of appeal in the district court in that litigation. *See* Rule 12-202 NMRA (stating that notice of appeal must be filed in the district court); Rule 12-201(A)(1)(b) NMRA (stating that notice of appeal must be filed within thirty days from the date that the judgment being appealed was filed). Because Ms. Serna did not do so, the judgment in the underlying case is final and binding in this litigation. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369 (recognizing generally that appellate "subject matter jurisdiction is dependent upon such prerequisites as the proper filing of a notice of appeal"). To the extent that the Sernas seek to use the present litigation to relitigate rulings made against them in the underlying litigation, the doctrine of collateral estoppel precludes them from doing so. *See Reeves v. Wimberly*, 1988-NMCA-038, ¶ 6, 107 N.M. 231, 755 P.2d 75 ("Collateral estoppel works to bar the relitigation of ultimate facts or issues actually and necessarily decided in the prior suit by a valid and final judgment."). We therefore decline to address the merits of any of the Sernas' challenges to the underlying judgment or to any other orders or rulings in the underlying case.

**{3}** We also decline to address the merits of the Sernas' challenge to the foreclosure sale by the special master, who they allege sold the property for less than two-thirds of its value contrary to NMSA 1978, Section 39-5-5 (1884). This issue is not properly before us because the sale occurred well after the notice of appeal was filed in the present appeal, and the Sernas did not take the steps necessary to seek appellate review of the sale or any orders related to the sale.

**{4}** Nor will we address the merits of what appear to be claims of professional negligence and defamation against the Websters' counsel. The Sernas did not pursue these claims in the district court, which, as a court of general jurisdiction, is the court that could consider and resolve such claims. *See* N.M. Const. art. VI, § 13. The Sernas pursue their claims for the first time in this Court, but this Court does not have any original jurisdiction, *see* N.M. Const. art. VI, § 29, and we are therefore unable to consider their claims.

**{5}** We now turn to the claims of error that are properly before us—those pertaining to the summary judgment order entered against the Sernas in the present litigation. First, the Sernas argue that the district court erroneously allowed foreclosure on the property because the subject property is owned by a trust, not by the Sernas, and Ms. Serna, as the trustee, is immune from suit. We believe this argument lacks merit. The Sernas contend that in November 2016, Ms. Serna transferred her interest in the property to Mr. Serna and that Mr. Serna then transferred ownership to a trust. However, transfers that occurred in November 2016 have no bearing on the validity of the foreclosure; what matters instead is who owned the property on September 2, 2015, the date when the transcript of judgment was recorded in the underlying litigation, because that recordation placed a lien on all real estate owned by Ms. Serna on that date. *See* NMSA 1978, § 39-1-6 (1983). And the district court found that on September 2, 2015, Ms. Serna had an ownership interest in the subject property. That finding could have been challenged on appeal, but the Sernas made no such challenge and the finding is therefore binding on appeal. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298. We therefore reject the Sernas' theory that any changes of ownership after September 2, 2015, prevented the Websters from foreclosing on the property based on the lien. *See F & S Co., Inc. v. Gentry*, 1985-NMSC-065, ¶ 6, 103 N.M. 54, 702 P.2d 999 (recognizing that the rights of the creditor are fixed by the circumstances at the time of the inception of the lien).

**{6}** We also reject their theory that Ms. Serna, as a trustee, is immune from suit. The Sernas appear to rely on NMSA 1978, Section 47-2-6(A) (1973), which places certain limits on a trustee's individual liability "for the acts, omissions, debts or obligations of the real estate trust." But this statute does not insulate Ms. Serna from liability because the Websters obtained the foreclosure judgment against Ms. Serna based on her individual debt to the Websters, not based on the acts, omissions, debts, or obligations of a trust.

**{7}** Second, the Sernas make several allegations of prejudicial misconduct by the district court and by the Websters and their counsel. These allegations include, among others, that the district court judge was biased and prejudiced against them and in favor of the Websters; that the Websters altered the judgment in the underlying case; and that the Websters presented a phony writ of garnishment to a bank. But the Sernas fail to support any of their allegations with citations to evidence in the record, *see* Rule 12-318(A)(3) NMRA, and we will not reverse the judgment on the basis of unsupported allegations of misconduct.

**{8}** Third, the Sernas contend that they did not receive notice of a hearing that occurred on November 4, 2021. We decline to reverse on this basis because any such lack of notice could not have been prejudicial to the Sernas. The district court did not make any substantive rulings during the November 4 hearing; instead, the court continued the hearing until December to allow the Sernas to prepare for the hearing and seek counsel.

**{9}** Fourth, the Sernas contend that the judgment does not reflect a credit they should have received for a $10,000 payment they claim to have made to the Websters.

Again, the Sernas fail to cite any evidence in the record to support their allegation. The only document that potentially supports the Sernas' allegation—a copy of what appears to be a $10,000 cashier's check—is attached to the Sernas' notice of appeal, but the Sernas have not demonstrated that the document was presented to the district court. They therefore have not established that they preserved the issue of whether they should have received credit for a payment they allege that they made, *see* Rule 12-321(A) NMRA, and they have not established that the cashier's check is part of the record on appeal. *See* Rule 12-209(A) NMRA ("The papers and pleadings filed in the district court (the court file), or a copy thereof shall constitute the record proper."). We therefore reject this claim of error.

**{10}** Finally, to the extent that the Sernas seek to raise additional claims of error in their appellate briefs, the Sernas have not developed sufficiently clear arguments in support of those claims of error, and we therefore decline to specifically address them. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53.

**{11}** Because we are not persuaded that any reversible error occurred, we affirm.

**{12}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**