(43 App. Div. 380.)

### PLACE v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. MUNICIPAL CORPORATIONS—PERSONAL INJURY—OBSTRUCTION OF SIDEWALK— INSTRUCTIONS.
    In an action against a city for a personal injury caused by plaintiff colliding with a rope which had been placed about two or three feet above a sidewalk, extending from the gutter to a building, without signal lights, but between two electric arc lights, and intended as a barrier against apprehended danger from an unsafe building, the court charged that it was legal and commendable for the city to place the rope where it did for the purpose intended, and that it was not bound to take extraordinary precautions, but was bound to do only what prudence and ordinary care required, and left it to the jury to decide whether it had used reasonable care in maintaining it. *Held* not error.

2. APPEAL—QUESTION OF FACT—CONFLICTING EVIDENCE.
    The verdict is conclusive on appeal as to a question of fact, where the evidence in relation thereto is conflicting.

3. MUNICIPAL CORPORATIONS—REQUIREMENT OF NOTICE OF PERSONAL INJURY.
    Under Yonkers City Charter, as revised by Laws 1895, c. 635, tit. 12, § 6, requiring, before an action against the city is begun on a claim for a personal injury, that a notice describing the extent of the injury shall be given to it, a notice is sufficient if it gives particulars which will enable it to investigate the claim.

4. SAME—SUFFICIENCY OF NOTICE.
    Under this requirement, a notice that a claim was for "severe and permanent injury to my head and body, of $5,000," is sufficient, where the claimant's eye was injured.

5. SAME—VERIFICATION.
    Under a requirement that a notice to a city of a personal injury shall be verified, a notary's certificate that the party giving the same was sworn is sufficient, though the notice was unsigned, but began with the injured person's name.

6. APPEAL—AMENDING COMPLAINT TO INCREASE DAMAGES.
      An objection that the court below allowed the complaint to be amended
      so as to increase the alleged damages is not substantial, where plaintiff
      recovered less than the original demand.

Appeal from special term, Westchester county.

Action by Joseph Place, by Sarah Haslett, his guardian ad litem, against the city of Yonkers. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James M. Hunt, for appellant.

Joseph F. Daly, for respondent.

GOODRICH, P. J. On the evening of August 26, 1897, the plaintiff, a boy of 13 years, was running along the sidewalk of Elm street, in the city of Yonkers, when he struck a rope extending across the sidewalk, fell over it, and received injuries, for the recovery of damages for which he brings this action. The jury rendered a verdict for $1,500, and from the judgment entered thereon, and the order denying the motion for a new trial, the defendant appeals.

The defendant contends that no negligence on its part was established, that the plaintiff was not entitled to recover for damage to his eye, and that he had not given legal notice of his claim to the defendant corporation.

The facts to establish the defendant's negligence were as follows: There had been a fire in the Sheather Building in July, but the front wall was left standing, and, in order to prevent accidents to passers-by, the defendant had erected a barricade at each end of the front of the building, and along the gutter. At the west end, where the plaintiff fell, the barricade consisted of a rope stretched across the sidewalk, about two or three feet above the ground, and extending from the gutter to the building. There was no signal light on this barricade, but it was about midway between two electric arc lamps; the nearer one being about 125 feet away. There was much conflicting evidence as to the visibility of the rope. The defendant's counsel, in his brief, stated no specific point as to any contributory negligence on the part of the plaintiff, though this point was raised at the trial, and, indeed, it is difficult, on the evidence, to see how he could make any such contention. At any rate, as the question was submitted to the jury, we must assume, in view of the evidence, that the verdict establishes this fact in favor of the plaintiff. In the charge the court fairly stated that it was legal and commendable for the city to place the rope as a barrier against apprehended danger from an insecure building, and that the city was not bound to take extraordinary precautions, but was bound to do only what prudence and ordinary care suggested and required, and left it to the jury to decide whether the city had used reasonable care in maintaining it. The city's negligence in this respect is established by the verdict in favor of the plaintiff.

We come now to the main controversy,—whether the defective eyesight of the plaintiff was the result of his fall. There was evi-

dence tending to prove that his eyes were good before the accident. He fell over the rope, and was found insensible; the rope being across his middle, and his legs on one and his head on the other side of the rope and on the sidewalk. He had received a severe blow and wound upon the left side of his forehead, midway between the hair and eyebrow. There was expert evidence tending to show that the blow might result in precisely the injury to his eye from which he is suffering, and there was other expert evidence to contradict it. We must assume, therefore, that the verdict in this respect is correct.

The defendant contends that no sufficient notice of the plaintiff's claim, under the provisions of the charter, was given to the city before the commencement of this action. This contention is based on the fact that the claim does not specify the injury to the eye, and that it was not duly verified. The claim was for "severe and permanent injury to my head and body, of $5,000." The charter of the city of Yonkers, as revised by chapter 635 of the Laws of 1895 (section 6, tit. 12), requires a notice "describing the time and location of the place where such injury occurred, cause and extent of the damage or injury." The object of such provisions in municipal charters is to give the city opportunity, for the protection of the treasury, to investigate such claims. The notice is sufficient if it gives particulars which will enable the city to perform this public duty, and we cannot see why the notice in question did not perform this function. How can it be said that a statement of injury to the head does not embrace an injury to the eye?

The defendant's counsel contends that this statute is to be strictly construed; citing Sheehy v. City of New York, 29 App. Div. 263, 51 N. Y. Supp. 519. That decision was based mainly on the fact that the notice did not express any intention to sue the city, as required by the consolidation act, and this was held to be a fatal defect. The defendant's charter has no such requirement. The court cited three authorities in support of a strict construction of the act, all of which relate, not to the contents of the notice, but to the question of its proper service on the city. No such question arises here. We have been unable to find any authority which requires such a strict construction of the statute as to insist upon more than a statement of facts sufficient to give the city ample opportunity to ascertain the circumstances. The present notice meets that requirement.

The city also contends that the notice is not properly verified. The notice itself was signed by the plaintiff, but the verification was not signed by him, although it began with his name. The notary's certificate that the plaintiff was sworn is a sufficient verification. Haff v. Spicer, 3 Caines, 190; Jackson v. Virgil, 3 Johns. 540. On the trial, also, the notary testified that the plaintiff was actually sworn.

The objection that the court at the trial allowed the complaint to be amended so as to increase the amount of alleged damages is not very substantial, as the plaintiff received less than the original demand.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.