## WHITE v. HEBER CITY.

No. 5148. Decided November 8, 1933. (26 P. [2d] 333.)

*E. D. Hatch* and *L. J. Bradford,* both of Salt Lake City, for appellant.

*R. L. Clegg,* of Heber, and *A. B. Morgan,* of Provo, for respondent.

STRAUP, C. J.

White, the plaintiff and appellant, brought this action against Heber City for damages alleged to have been sustained by him by reason of the negligence of the city. In such particular it is alleged that on December 25, 1929,

while the plaintiff was driving an automobile in a careful manner and approaching an intersection of two streets in the city, because of the view having been obstructed by the city erecting and maintaining at the intersection during the Christmas holidays a large and spreading pine tree, his automobile collided with an automobile driven by another who, because of the obstruction, was unable to see or discover the plaintiff, resulting in injury and damage to the plaintiff's automobile, injuries to his person, injury to his wife and two minor children, one three and the other one year of age, and damage to personal property in the automobile. Compensation for damages in the plaintiff's own right for all these without assignment was set up in the complaint in six or seven causes of action.

The plaintiff further alleged that on January 6, 1930, he presented and filed with the city a verified claim in writing and that on March 25th, he presented and filed with the city a further "amended, enlarged and supplemental claim." Copies of both claims were set forth in the complaint. A general and a special demurrer were filed to the complaint, both of which were overruled. The city answered denying the charged negligence and pleaded a failure to file a proper verified claim within the time prescribed by the statute as a bar to the action. The case came on for hearing, at the threshold of which the plaintiff offered in evidence the claims presented and filed and a written notice given him by the city that the claim on April 4, 1930, was disallowed. The defendant objected to such offers on the ground that the claim as presented, in essentials, was not in accordance with the statute as in such case made and provided; that what was called an amended or supplemental claim was not filed within the time prescribed by the statute and because of the failure to present and file a proper verified claim within the statutory period, the action was barred and the complaint insufficient to state a cause of action. The court on the objection refused to admit in evidence the presented claims or notice of disallowance and

thereupon rendered judgment dismissing the action, from which the plaintiff has prosecuted this appeal.

We have a statute, Comp. Laws Utah 1917, § 816, requiring the presentation of verified claims with the city of the character here involved, within thirty days after the happening of the injury or damage, signed by the claimant, etc., "properly verified," stating the time and place at which the injury or damage occurred, a description of the cause and circumstance of the injury, etc., the nature and probable extent of the injury, and the amount of damages claimed. The section further provides that "every claim, other than claims above mentioned [of which the claim here involved is included], against any city or town, must be presented, properly itemized or described and verified as to correctness by claimant  *  *  *  and if such account or claim is not properly or sufficiently itemized, or described or verified, the city council or board of trustees may require the same to be made more specific as to the itemization or description, or to be corrected as to the verification thereof." The claim in hand does not come within such provision.

The first claim presented and filed January 6, 1930, twelve days after the happening of the alleged injury and damage, in substance stated: "Heber City to Talmage White, Dr., Heber, Utah, January 6, 1930." Then follows a statement and description of the time and place of the injury and the circumstance thereof, in substance stating that on the evening of December 25, 1929, "one Jack Cummings ran into my automobile on the corner of Main and Center Streets and greatly injured my family and car"; that Cummings claimed his view was obstructed by a Christmas tree placed at that point by Heber City and that he was not aware the plaintiff was on the highway and for that reason he did not discover the plaintiff and slow up; and that the accident was occasioned because of the obstructed view created by the city. The damages claimed were, injury and damage to the fenders, the running board, bumper, steering wheel, and one of the doors of the plaintiff's auto-

mobile, that the total bill of damage, labor, and repairs was $82.70, and a doctor bill of $15 for "setting a child's arm broken in the accident."

The statement further recited that the bill did not include injury and damage to a number of valuable articles of personal property in the car, nor "for pain and suffering and shock suffered by myself and wife and family," and that "if I have to sue the city and Mr. Cummings I will ask for all of the damages I have suffered, but I am willing to accept $97.70 as a settlement at this date in order to be more than fair in the matter." This statement was signed, "T. L. White," the plaintiff. Attached thereto was the jurat "State of Utah, County of Wasatch, ss. Subscribed and sworn to before me this 7th day of January, 1930," and subscribed, "Thelma Thomas, Notary Public, Res. Heber, Utah. My Commission expires Sept. 25, 1932," and the official seal of the notary affixed.

Thereafter and on March 25, 1930, about three months after the happening of the injury and damage, the claimant presented and filed with the city what he termed an "amended, enlarged and supplemental claim," wherein the time and place of the accident and injury and the circumstances thereof were again described as stated in the first claim, but wherein an additional amount was claimed for injury and damage to the automobile, $100 for general depreciation, $29.80 additional repairs and painting, or a total damage to the automobile amounting to $212.50; $1,000 for injury to the plaintiff's leg and knee; $500 for injury to his wife; $500 for injury to his three year old child; $500 for injury to a one year old child; and $16 for Christmas presents and property damaged in the car, or a total damage of over $2,700.

The jurat attached to this claim was similar to that on the first claim, with the stated venue of, "State of Utah, County of Wasatch, ss." and "subscribed and sworn to" before a notary public and signed by him March 25, 1930, and the official seal of the notary affixed. In addition to

that, the second claim also had the venue stated at the heading of the claim, and contained a recital that, "T. L. White, being first duly sworn on his oath makes the following statement of claim against Heber City," etc. As to the verification, the only difference between the two claims is that in the second there was a venue stated at the beginning and a recital that the claimant "being first duly sworn on his oath makes the following statement of claim," etc., which were not contained in the first claim. But the first contained a stated venue in the jurat. Both claims were offered in evidence by the plaintiff and the written notice given him by the city, signed by the city recorder, that "on April 4, 1930, your claim was presented, duly considered, and the Council voted unanimously not to allow it."

The offers were rejected by the court for the reason that the first claim presented and filed was not properly verified, and that the second was not presented or filed within thirty days after the occurring of the injury and damage. The ruling largely was based and is defended on the cases of *Allen* v. *Commissioners of Pittsburg County*, 28 Okl. 773, 116 P. 175; *McEwen Mfg. Co.* v. *Town of Covington*, 112 Okl. 40, 239 P. 219; *Moran* v. *Salt Lake City*, 53 Utah 407, 173 P. 702, in which cases there was no verification of any kind of the presented and filed claims. Let it be assumed, and as held in those cases, that in the presentation and filing of a claim as here, against a city or town, one of the essentials is that it be "properly verified"; but here there was some sort of a verification, even as to the first filed claim and as shown by the jurat attached thereto. Thus the particular point in hand, unlike the situation in the cases just referred to where there was no kind of a verification, is, as to whether the jurat may be regarded as a sufficient recital of a verification of the claim. It is urged, not because the body of the claim or affidavit does not recite that the claimant was "first duly sworn," or that the statements contained in the claim were not made on oath, but that to be a good verification, a recital therein was

necessary to the effect that the claimant had read or knew the contents of the claim, and that the statements therein contained of his own knowledge were true and correct. In other words, to properly verify a claim, it is urged, it was required to be verified as is required under the statute, Comp. Laws Utah 1917, §6593, relating to the verification of pleadings or as by the statute elsewhere prescribed as to verifications of other specified instruments and documents, not including claims of the character in question.

We are of the opinion that such particularity was not required with respect to a claim, such as here, for injury or damage claimed to have resulted through the negligence of the city in the maintenance of a defective or obstructed condition of one of its streets. The purpose of the statute requiring a presentation of claims of the character here involved, was stated by this court in the case of *Connor* v. *Salt Lake City,* 28 Utah 248, 78 P. 479, 481, to be that:

"Doubtless the principal purpose of the notice is to afford the proper officers an opportunity to look into the facts and circumstances connected with the occurrence; to reserve the evidence of the existing conditions; to determine the liability of the municipality; and, in case liability exists, to effect a settlement without resort to litigation."

To that effect also is the case of *Sweet* v. *Salt Lake City,* 43 Utah 306, 134 P. 1167. It is not seriously contended that the time, place, and circumstances of the injury and damage were not sufficiently stated. Thus, "the principal purpose" as stated in the *Connor Case* requiring the presentation of a claim was accomplished. True, the statute in addition required the claim to be "properly verified." The first claim presented admittedly was subscribed by the claimant. The jurat contains the proper venue. It was signed by the notary and his official seal affixed. The jurat further states, "Subscribed and sworn to before" the notary January 7, 1930. Such phrase or language, "Subscribed and sworn to before me," fairly and reasonably means not only that the claimant subscribed the claim in the presence of the notary, but also that the notary administered an oath

to the claimant, and that he under oath in substance and effect stated that the statements contained in the instrument or document subscribed by him were true. No other effect or meaning may fairly or reasonably be given such language. If by such phrase, the claimant did not in substance and effect declare, under oath, that the statements contained in the document or instrument signed by him were true, it is difficult to conceive for what other purpose or effect the oath was or could have been administered to him.

While some authorities hold that the jurat, technically or strictly speaking, is no part of the affidavit proper, yet others hold it is so closely connected with it as to justify a consideration of it in connection therewith. 2 C. J. 359. The object of a jurat is to show that the affiant took oath to the instrument or document subscribed by him before a duly authorized officer. The jurat here clearly and specifically so shows. Text and cases (40 Cyc. 199; *Patterson* v. *City of Brooklyn*, 6 App. Div. 127, 40 N. Y. S. 581; *Kelley* v. *City of Flint*, 251 Mich. 691, 232 N. W. 407), are cited by the city, to the effect that the term "verified" as applied to pleadings and claims filed with municipalities has a settled meaning and refers to an affidavit attached to such statement of claim as to the truth of the matters therein set forth. The substance of that may well be conceded. But neither the text nor the cases referred to, however, hold that a verification such as here was not sufficient. The contention that a verification of a claim such as here, in form or in substance, was required as in a pleading, is not, as we think, tenable. *Wertz* v. *Lamb*, 43 Mont. 477, 117 P. 89; *McCaffey Canning Co.* v. *Bank of America*, 109 Cal. App. 415, 294 P. 45. The proposition is well put in the case of *Ashley* v. *Wright*, 19 Ohio St. 291, where, in substance, it is stated that in the absence of any requirement as to a certificate, it is sufficient that the affidavit be in fact made, that no formal solemnities are necessary other than the signature of the affiant and the official statement of the officer that the affidavit was subscribed and sworn to be-

fore him. To that effect too is the case of *Place* v. *City of Yonkers,* 43 App. Div. 380, 60 N. Y. S. 171. We thus are of the opinion that the first claim filed, though not a model and somewhat defective, yet, in substance, stated enough to comply with the statute and to invoke consideration and action. From the written notice of disallowance of the claim it is hard to believe that a different result would have been reached by the city had the claim been more particularly verified.

Now as to the second filing of the claim several months after the happening of the accident. It is called an amended, enlarged, and supplemental claim. We find it unnecessary to determine the point made that an amended claim may not be filed after the statutory period—thirty days after the happening of the injury or damage. While the point is urged by the city, yet little is said about it and no cases are cited in support of the contention. The plaintiff contends to the contrary and in support thereof cites the case of *Berger* v. *Salt Lake City,* 56 Utah 403, 191 P. 233, 13 A. L. R. 5. In the first place, the case does not deal with the precise question, and, in the second place, the plaintiff does not bring himself within the conditions there stated. We affirm the ruling rejecting the second claim on the ground that it may not be regarded as the filing of an amended claim. The first claim as filed dealt only with an injury or damage to the plaintiff's automobile for which he claimed compensation in the sum of $82.70 and $15. "Doctor bill for setting child's arm broken in accident." He claimed no injury to himself, nor to any one else except surgical services setting the child's arm. By the amended claim the plaintiff claimed an additional $100 for depreciation of the car; $1,000 for injury to himself; $500 for injury to his wife; $500 for injury to a three year old child; $500 for injury to his child one year of age; and $16 damages to personal property injured in the automobile. Such claims were not germane but foreign to the injury and damage stated in the first claim. They

constituted a wholly separate and different kind of claim and damage. Though it be assumed that such further described injuries constituted a proper claim for damage and compensation, yet not anything is stated either in the complaint or in the second filed claim why they were not or could not have been set forth or claimed on the filing of the first claim. No showing in such particular was made to appear. Nor is it sufficiently shown either by the second claim as filed or by the complaint, that the plaintiff had the legal right to demand and recover damages for the claimed injury to his wife or to his children.

We thus are of the opinion that no error was committed in excluding the offer of the second filed claim. We, however, are of the opinion that error was committed in excluding the offers of the first claim and the disallowance of the claim by the city.

The judgment is reversed and the case remanded for a new trial in accordance with the views herein expressed. Costs to appellant.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.