372 P.2d 378

HOME PLUMBING AND CONTRACTING
COMPANY, a partnership, and Home Lum-
ber Company, a corporation, Plaintiffs-Ap-
pellees,

v.

Paul PRUITT, Defendant-Appellant.

No. 6924.

Supreme Court of New Mexico.

June 7, 1962.

which grew out of construction of a swimming pool on appellant's property by one Jack Brown, pursuant to contract between appellant and Brown. Brown was made a third party defendant, and failed to answer. or otherwise plead and appellant was given a judgment against him for the amounts adjudged due to appellees.

By his answer, appellant, among other issues, raised the question of whether or not the instruments filed by appellees created liens against his property; and denied that the materials sold by appellees were furnished to him.

The court, having ruled at the trial in favor of appellees and against appellant, this appeal was perfected and these issues presented as two of the points relied on for reversal. In addition, appellant asserts that appellee failed to introduce the liens in evidence, failed to produce substantial evidence of the amount due, and that a personal judgment for the amount claimed and for attorney fees was improperly entered against appellant.

The claim of lien filed by Home Plumbing and Contracting Company was signed in the name of the company by W. C. Burran, Partner, and bears an acknowledgment in the form generally provided by § 43–1–9, N.M.S.A.1953, for acknowledging instruments affecting real estate. It recited that on the date shown therein "be-

Blythe & Norvell, Clovis, for appellant.

Morris Stagner, Clovis, for appellees.

MOISE, Justice.

The appellant, Paul Pruitt, was sued by the appellees, Home Plumbing and Contracting Company, a partnership, and Home Lumber Company, a corporation, to foreclose two mechanics liens, one filed by each,

fore me (the subscribing notary public) personally appeared W. C. Burran, to me known to be the person who executed the foregoing instrument as a partner of the co-partnership of Home Plumbing and Contracting Company, and said W. C. Burran acknowledged that he executed the same as his free act and deed, and as the free act and deed of the said co-partnership, Home Plumbing and Contracting Company, and as the free act and deed of W. C. Burran, partner of said co-partnership." This was followed by the signature, statement of expiration date of commission and seal of the notary public.

The claim of lien of Home Lumber Company was signed by W. C. Burran, Secretary-Treasurer, below which appears the following:

"State of New Mexico ⎫
The County of Curry ⎬ ss
 ⎭
"W. C. Burran, Being duly sworn, says: That he is the Secretary-Treasurer of the Home Lumber Company, a corporation, named in the foregoing claim; that he has read said claim and knows the contents thereof; and that the matters and facts therein started (sic) are true and correct.

"W. C. Burran"

This was subscribed and sworn to before a notary public whose signature, seal and date of expiration of commission appear thereon.

Our statute (§ 61–2–6, N.M.S.A.1953) requires that a claim of lien "must be verified by the oath of" the person claiming the benefit of the lien statute "or of some other person." Accordingly, we must determine if the two claims here in issue are verified by oath.

In the early days of our history, this court was disposed to hold that the mechanics lien law was in derogation of the common law and should be strictly construed, Finane & Elston v. Las Vegas Hotel & Improvement Company, 3 N.M. 411, 5 P. 725. In Minor v. Marshall, 6 N.M. 194, 27 P. 481, it was held, while adhering to the strict construction rule, that strict construction did not contemplate arbitrary or inequitable meaning but that the requirements were met by substantial compliance with the statute. However, it was not long until it was determined that the law was in fact remedial in nature and should be liberally construed. Ford v. Springer Land Association, 8 N.M. 37, 41 P. 541. The prior contrary holding was expressly overruled.

In Lyons v. Howard, 16 N.M. 327, 117 P. 842, this court applied the rule of liberal construction to a verification there under attack and concluded that it was a sufficient compliance with the statute. In Hot Springs Plumbing & Heating Co. v. Wallace, 38 N.M. 3, 27 P.2d 984, the development of the law was again discussed and

the rule of liberal construction adhered to, and in this case the following language of Justice Freeman in his dissent in Minor v. Marshall, supra, was quoted as the law:

"I think the better rule may be stated as follows, to-wit: That where it appears that the miner or mechanic has used words which by plain intendment were designed to operate as a verification, and where it is evident that the miner or mechanic was endeavoring to secure the benefit of the statute provided for such cases, and where such statement is sworn to, it ought to be regarded as a verification, within the meaning of the statute."

■ Applying the law as thus announced, we are clear that the verification to the claim of lien of Home Lumber Company is sufficient and that appellant's attack thereon must fail.

■ However, as to the Home Plumbing and Contracting Company claim, we fail to find any words whatsoever which by intendment, plain, or otherwise, "were designed to operate as a verification." Neither do we find where the statement of claim was in any manner sworn to.

In Black's Law Dictionary, "verification" is defined as:

"Confirmation of correctness, truth, or authenticity by affidavit, oath or deposition."

See 44 Words and Phrases for other definitions.

. While reiterating our adherence to the rule of liberal construction, we are convinced that with a total absence of any words confirming correctness, truth or authenticity by affidavit, oath, deposition or otherwise, to conclude that the acknowledgment to the instant claim of lien was a sufficient compliance with the requirements of a verification would be stretching the rule of liberal construction beyond recognition, and would approach judicial repeal of the legislative mandate that claims should be verified by oath. Compare Ross v. Marberry & Company, 66 N.M. 404, 349 P.2d 123. Accordingly, the court erred in its conclusion that the claim of lien of Home Plumbing and Contracting Company was enforceable.

Appellant's additional points will be discussed insofar as they apply to the claim of Home Lumber Company.

■ Concerning appellant's arguments that there was no allegation or proof that the materials were actually used in the construction of the pool, it is sufficient answer to point out that appellee's witness testified without objection on appellant's part that the materials furnished were used in the swimming pool being built for appellant. Proof having thus been made, the complaint should be treated as amended to

conform thereto. Hall v. Bryant, 66 N.M. 280, 347 P.2d 171. It is apparent that the requirement of both pleading and proof of the use of the materials in the job as announced in Tabet v. Davenport, 57 N.M. 540, 260 P.2d 722, has been met, and these points are without merit.

■ The proof submitted as to the amount due constituted substantial evidence of that fact, and findings based thereon will not be disturbed on appeal. Brown v. Martinez, 68 N.M. 271, 361 P.2d 152. This point is ruled against appellant.

■ Neither is there any virtue in appellant's argument that appellee's claim was not properly proved because of failure to introduce the lien claim in evidence. In paragraph IV of the amended complaint appellee pleaded that because the accounts had not been paid it had to file the claim of lien and that it was filed, and in paragraph IX set forth that a copy of said lien was attached as an exhibit to the amended complaint. By his answer appellant admitted that an instrument purporting to be a claim of lien was filed, and in answer to paragraph IX admitted attachment of the exhibit while denying the claimed legal effect of the same. As we read the allegations and answers, they amount to an admission of the filing of the claim as alleged while contending that a lien did not result

therefrom. In addition, it might be pointed out that it is clear from an examination of Exhibit D attached to the amended complaint, being an itemized statement of the amount claimed in the Home Lumber Company claim, that the same bears a filing stamp of the county clerk.

■ We consider it elementary that material allegations of a complaint, admitted in the answer, need not be proved. For instances where proof is waived see Arias v. Springer, 42 N.M. 350, 78 P.2d 153. We are of the opinion that the situation here is one within the rule as announced in that case.

■ Appellant complains that the trial court erroneously entered personal judgment against him for the amount of the debt and for attorney fees. In Allison v. Schuler, 38 N.M. 506, 36 P.2d 519, we held that where, as here, there was no contractual relation between the owner and lienors, a personal judgment for the amount of the debt was unwarranted. Accordingly, it was error for the court to enter a personal judgment against appellant.

■ Section 61–2–13, N.M.S.A.1953, provides that the trial court may allow, as part of the costs, reasonable attorney fees in the district and Supreme Courts. This language indicates that any allowance made

for attorney fees should be as costs, and the same would be treated the same as the money paid for filing and recording the lien as provided in § 61–2–13, N.M.S.A. 1953, and any other costs of suit. The amount of attorney fees shall be fixed by the trial court for handling both in the district court and in the Supreme Court. Mitchell v. McCutcheon, 33 N.M. 78, 260 P. 1086; Skidmore v. Eby, 57 N.M. 669, 262 P.2d 370.

The cause is reversed as to the claim of Home Plumbing and Contracting Company, and is remanded as to the claim of Home Lumber Company, a corporation, with instructions to proceed in a manner consistent herewith. Attorney fees, to be assessed as costs, shall be fixed by the trial court in its discretion for the handling of the Home Lumber Company claim both in the district court and in the Supreme Court. Costs on appeal, other than attorney fees, shall be taxed one-half to appellee Home Plumbing and Contracting Company, and one-half to appellant.

IT IS SO ORDERED.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and NOBLE, JJ., not participating.