**FIRST SECURITY MORTGAGE CO., a Utah corporation, Plaintiff and Respondent,**

v.

**C. Scott HANSEN, Joyce T. Hansen, his wife, Integral Steel Structures, a Utah corporation, Rocky Mountain Mechanical & Electrical, a Utah corporation, and Pioneer Door Sales, Inc., a Utah corporation, Defendants and Appellants.**

No. 17229.

Supreme Court of Utah.

June 10, 1981.

Gordon L. Roberts, Daniel M. Allred and Val. R. Antczak of Parsons, Behle & Latimer, Salt Lake City, for defendants and appellants.

Irene Warr and Bruce Shand of Warr, Fankhauser & Green, Richard Rappaport of Cohne, Rappaport & Segal, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Plaintiff initiated this action to foreclose a trust deed on property on which defendant Integral Steel Structures had filed a notice of claim of mechanic's lien. The trial court granted a motion for summary judgment against Integral Steel based on its finding that the lien notice was invalid because it lacked verification as required by statute. Defendant appeals contending that its notice of lien comports with § 38–1–7, U.C.A.1953, as amended, and is properly verified or is in substantial compliance with that statute.

Section 38–1–7 of our mechanic's lien statutes requires the claimant to file a notice of claim which shall include detailed information as to the basis for the claim and which "must be verified by the oath of himself or of some other person." Defendant's lien notice apparently was complete as to the factual averments it contained, but instead of a sworn statement that the contents of the notice were true, the following statutory corporate acknowledgement was used:

```
State of Utah          )
                       : ss.
County of Salt Lake )
```

On the 9th day of November, 1977, personally appeared before me Roy B. Moore, who being duly sworn, did say that he is the attorney for Integral Steel Structures, and that said instrument was signed in behalf of said corporation by authority of a resolution of its Board of Directors, and said Roy B. Moore acknowledged to me that said corporation executed the same.

/s/ Lana Paxton

Notary Public
Residing in Salt Lake City, Utah

My Commission Expires:
June 30, 1979

Defendant contends that this language, with its statement that the signer was "duly sworn," constitutes the requisite verification as well as being the acknowledge-

ment of a written instrument executed by a corporation prescribed by § 57–2–7. It asserts that where the "jurat" is at the end of the document and contains the words "duly sworn," it is reasonable to construe the oath as applying both to the contents of the jurat and the document itself. Considered otherwise, defendant contends, a lien is invalidated upon a mere hypertechnicality.

In its support defendant cites *White v. Heber City*, 82 Utah 547, 26 P.2d 333 (1933), in which this Court reviewed the sufficiency of a claim filed against a municipality that was required by statute to be verified. The jurat stated that the claim was "subscribed and sworn to" before a notary public, and this Court found such verification sufficient, stating:

> Such phrase or language, 'Subscribed and sworn to before me,' fairly and reasonably means not only that the claimant subscribed the claim in the presence of the notary, but also that the notary administered an oath to the claimant, and that he under oath in substance and effect stated that the statements contained in the instrument or document subscribed by him were true. No other effect or meaning may fairly or reasonably be given such language. If by such phrase, the claimant did not in substance and effect declare, under oath, that the statements contained in the document or instrument signed by him were true, it is difficult to conceive for what other purpose or effect the oath was or could have been administered to him. [26 P.2d at 335.]

That case is distinguishable from the instant case because there the claimant was found by inference at least to have sworn under oath that the statements in the claim were true, whereas in the instant case the language of the jurat as to what is being sworn to is very specific: the claimant swears that (1) he is the attorney for the claimant, and (2) that the claim was signed in behalf of the corporation by authority of a resolution of its Board of Directors. That is everything the jurat recites. There is no room to infer anything further.

Other cases relied upon by the defendant are also distinguishable. In *Southern Blow Pipe & Roofing Co. v. Grubb*, 36 Tenn.App. 641, 260 S.W.2d 191 (1953), a jurat was found sufficient as a verification which contained the claimant's oath "that the following is a true and correct statement of the amount presently due his business." The court stated it was unnecessary to establish compliance with the verification requirement by specifically itemizing the materials furnished, the dates of delivery, and the specific costs of each item. Instead, substantial compliance was sufficient in the absence of a particular statutorily-prescribed form. In *Hot Springs Plumbing & Heating Co. v. Wallace*, 38 N.M. 3, 27 P.2d 984 (1934), the court also held a verification to be sufficient which specifically verified the name of the property owner and the description of the property, and then generally verified an "itemized statement hereto attached" containing other pertinent statements constituting the basis for the claim of lien.

The acknowledgement in this case did not contain even a general verification of the subject matter of the notice of claim. The only fact that was sworn to was the identity and authority of the person signing the claim. There is no suggestion that he personally vouched for the accuracy of the facts underlying the claim. The language of an acknowledgement cannot be construed as a verification, as pointed out as follows in *H.A.M.S. Co. v. Electrical Contractors of Alaska, Inc.*, Alaska, 563 P.2d 258, 260 (1977):

> It is established in law that a verification is a sworn statement of the truth of the facts stated in the instrument which is verified. A verification differs from an acknowledgement in that the latter is a method of authenticating an instrument by showing that it was the act of the person executing it.

The court went on to state:

> Courts which have addressed the issue presented in this appeal have held that an acknowledgement is not sufficient to satisfy a mechanics' lien statute which

requires verification of the claim of lien by the claimant.

The court held that under the mechanic's lien statute, verification by the oath of the claimant or another person having knowledge of the stated facts is essential to the existence of a valid lien, and that a corporate acknowledgement does not constitute substantial compliance with the verification requirement. This holding is of added significance when considered in light of Alaska's liberal validation statute, AS 34.35.020, which prevents dismissal of a lien claim for mistakes in formality and provides that "[s]ubstantial compliance with the law relating to the contents of the lien notice" is sufficient if specified facts are included. The court found the verification requirement to be one of the portions of the lien statute "which articulate mandatory conditions precedent to the very creation and existence of the lien." 563 P.2d at 262.

Other courts are in agreement with this position. See, e. g., *D. J. Fair Lumber Co. v. Karlin*, 199 Kan. 366, 430 P.2d 222 (1967); *Pineland Lumber Co. v. Robinson*, Me., 382 A.2d 33 (1978); *Saunders Cash-Way Lumber & Hardware Co. v. Herrick*, Mont., 587 P.2d 947 (1978); *Home Plumbing and Contracting Co. v. Pruitt*, 70 N.M. 182, 372 P.2d 378 (1962); and *Crescent Electric Supply Co. v. Nerison*, 89 S.D. 203, 232 N.W.2d 76 (1975). It is true, as pointed out by the defendant, that in some of the foregoing cases it does not appear that the person making the acknowledgement was "duly sworn" as was the attorney for the claimant in the instant case. That distinction, however, avails the defendant nothing since, as we have previously observed in this opinion, the only facts sworn to were the identity and authority of the attorney signing the claim.

The policy underlying these decisions is sound. A lien creates an encumbrance on property that deprives the owner of his ability to convey clear title and impairs his credit. The filing of a lien for an excessive amount could be used to force a settlement unfairly weighted in favor of the claimant. Such abuse is made a misdemeanor by § 38–1–25. These serious consequences justify the statutory imposition of a requirement that one who makes the claim must furnish a sworn statement to the truthfulness of the facts giving rise to it. Frivolous, unfounded, and inflated claims can thereby be minimized, and the prejudgment property rights of the individuals receive their due protection.

Verification is not a hypertechnicality that we can discount. Without verification, no lien is created. Our statute leaves no room for doubt as to the requirement of a verified notice of claim, and this Court in *Eccles Lumber Co. v. Martin*, 31 Utah 241, 87 P. 713 (1906), stated that since a mechanic's lien is statutory and not contractual, a lien cannot be acquired unless the claimant complies with the statutory provisions. The Court further stated, "[W]here the statute fails, courts cannot create rights, and should not do so by unnatural and forced construction." 87 P. at 716.

The notice of lien claim in the instant case clearly lacked verification, the corporate acknowledgement being insufficient as an oath as to the truthfulness of the facts giving rise to the claim of lien. Defendant therefore failed to create a valid mechanic's lien, and the trial court was correct in dismissing its claim. In view of this holding, defendant's argument that it was nevertheless in substantial compliance with the lien statute is unavailing.

Affirmed. Costs to respondent.

MAUGHAN, C. J., and HALL and OAKS, JJ., concur.

STEWART, J., did not participate.