# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date:  December 8, 2015

**NO. 32,661**

**SONIDA, LLC,**

    Plaintiff-Appellee,

v.

**SPOVERLOOK, LLC,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Violet C. Otero, District Judge**

Sommer, Karnes & Associates, LLP
Karl H. Sommer
James R. Hawley
Santa Fe, NM

for Appellee

Keleher & McLeod, P.A.
W. Spencer Reid
Thomas C. Bird
Justin B. Breen
Albuquerque, NM

for Appellant

# OPINION

**KENNEDY, Judge.**

{1}     Defendant SPOverlook, LLC, (SPO) appeals an award of attorney fees to Plaintiff Sonida, LLC (Sonida), whom the district court found to be the prevailing party in a "dispute arising out of or relating to a lien action" under NMSA 1978, Section 48-2-14 (2007). The award of attorney fees was made following a jury trial that awarded money to both parties following a dispute over construction of a house. SPO asserts that Sonida's lien was invalid, that the district court's denial of its motion for summary judgment based on the invalidity of Sonida's lien was erroneous, and that an invalid lien cannot support the award of fees.

{2}     The contents of mechanics' and materialmen's liens are prescribed by statute, NMSA 1978, §§ 48-2-1 to -17 (1880, as amended through 2015), and require specifically that any claim "must be verified by the oath of [the claimant] or of some other person." Section 48-2-6. We face two questions in this case: can Sonida prevail on a claim to foreclose an unverified materialmen's lien, and was the district court's award of attorney fees based on work performed in conjunction with "contract and lien claims" sufficiently justified as a "dispute arising out of or relating to a lien action" to permit the award? Section 48-2-14.

{3}     We hold that even in light of decades of liberal construction and permitting substantial compliance in drafting lien claims, Sonida's unverified lien was void *ab initio*. To the extent that no valid lien existed, nothing supported an award of attorney fees predicated on a claim "arising out of or related to a lien[.]" Section 48-2-14. Since the district court's sole justification for the award was Section 48-2-14, we conclude that the award of attorney fees to Sonida was erroneous, and we reverse the district court, remanding for entry of an amended judgment.

**BACKGROUND**

{4}     The parties do not dispute the facts underlying this appeal. Real estate developer SPO contracted with New Mexico Dream Home, LLC (NMDH) to construct a house in Sandoval County for a television show. SPO in turn subcontracted with home-builder Sonida to build the home, agreeing to pay Sonida approximately one million dollars for the job. Before construction began, SPO and Sonida did not have a written agreement between them, although subsequent arrangements were reached, and Sonida began construction of the home. As construction went forward, NMDH issued three payments of approximately $250,000 each to SPO. SPO forwarded two payments to Sonida. A dispute arose when SPO did not forward a third payment to Sonida.

{5}     Sonida filed a claim of lien against the home to protect its interests, and then amended it twice; all of which were recorded in the Sandoval County Clerk's office. All three lien documents were signed by a Sonida representative and acknowledged before Sonida's attorney, who notarized them. However, none of Sonida's lien documents included any language verifying upon oath the truth of its contents.

{6}     Sonida then brought suit in the district court against SPO and NMDH for the money it maintained it was owed. In Count 4 of Sonida's complaint, Sonida sought foreclosure of its lien. SPO's answer denied that Sonida was entitled to file a claim of lien, foreclose on the lien that it had filed, or collect attorney fees for litigating its foreclosure. SPO thereafter filed a motion for summary judgment asserting that the lien claim was invalid and unenforceable because it was not verified pursuant to *Home Plumbing & Contracting Co. v. Pruitt*, 1962-NMSC-075, 70 N.M. 182, 372 P.2d 378. In its response to SPO's motion, Sonida argued that SPO had waived its 'void for lack of verification' argument because SPO had not raised it as an affirmative defense in the its answer. The district court denied SPO's motion without explanation, and the case proceeded to trial.

{7}     Following a jury trial in which both parties received awards, Sonida moved for an award of attorney fees claiming it was the prevailing party in a lien action under Section 48-2-14. The parties submitted proposed findings of fact and conclusions of

law, including SPO's renewed assertion that Sonida was not the prevailing party in a lien action. The district court entered its final judgment granting Sonida's request for attorney fees. In separate findings and conclusions, the district court found that "Sonida prevailed on its lien claim against . . . Defendant SPO" and concluded that "[a] prevailing party in a dispute arising out of or relating to a lien action is entitled to recover from the other party the reasonable attorney fees, costs and expenses incurred by the prevailing party." Section 48-2-14. SPO now appeals the district court award to Sonida of $136,375.75 in attorney fees.

**DISCUSSION**

**Standard of Review**

{8}    Ordinarily, we review an award of attorney fees for an abuse of discretion. *Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶ 10, 287 P.3d 318. "Section 48-2-14 empowers the court to award reasonable attorney fees in the district and supreme courts in actions to enforce mechanics' and materialmen's liens." *Lenz v. Chalamidas*, 1991-NMSC-099, ¶ 2, 113 N.M. 17, 821 P.2d 355 (emphasis omitted). However, our determination of whether an unverified lien satisfies the requirements of Section 48-2-6 involves the interpretation of a statute that we review de novo. *State ex. rel. Madrid v. UU Bar Ranch Ltd. P'ship*, 2005-NMCA-079, ¶ 11, 137 N.M. 719, 114 P.3d 399. With regard to SPO's motion for summary judgment,

4

where there are no genuine issues of material fact, and the movant may be entitled to judgment as a matter of law, our review is also de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

## I.      Sonida Did Not File Valid Claims of Lien

{9}      We begin by addressing SPO's argument that the district court erred by failing to reject as a matter of law Sonida's unverified claim of lien. In order to analyze this issue, we must discuss the requirements for a claim of lien to be valid.

{10}      Section 48-2-6[1] generally sets out two requirements for the contents of a valid lien: a statement of the nature of the claim against the property owner, and a verification by oath. The purpose of the former is to "give notice [to all interested parties] of the extent and nature of the lienor's claim." *Garrett Bldg. Ctrs., Inc. v. Hale*, 1981-NMSC-009, ¶ 10, 95 N.M. 450, 623 P.2d 570 (internal quotation marks

---

[1] "Every original contractor, within one hundred and twenty days after the completion of his contract, and every person, except the original contractor, desiring to claim a lien pursuant to Sections 48-2-1 through 48-2-19 NMSA 1978, must, within ninety days after the completion of any building, improvement or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record with the county clerk of the county in which such property or some part thereof is situated, a claim containing a statement of his demands, after deducting all just credits and offsets. The claim shall state the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, and shall include a statement of the terms, time given and the conditions of the contract, and also a description of the property to be charged with the lien, sufficient for identification. *The claim must be verified by the oath of himself or of some other person*." (Emphasis added.)

and citation omitted). Since they are not in dispute in this case, we are not concerned with the sufficiency of Sonida's statement of the debt and terms of the claim.

{11}    As to the verification requirement, we first observe that the use of the word "must" in the statute requiring verification by oath conveys the Legislature's setting a mandatory precondition to the lien's validity. The Uniform Statute and Rule Construction Act compels us to regard the word "must" as expressing "a duty, obligation, requirement or condition precedent." NMSA 1978, § 12-2A-4(A) (1997); *see also*, *State v. Lujan*, 1977-NMSC-010, ¶ 4, 90 N.M. 103, 560 P.2d 167 (holding that the word "must" in the statute indicates "that the provisions of a statute are mandatory and not discretionary").

{12}    It is undisputed that the claims of lien filed in this case were not verified. Sonida attempts to address this "technical defect" by arguing that the claim as filed satisfied the purposes of the statute, which should be "liberally construed," and by implication, permits "substantial compliance" by the claimant. New Mexico is a state that affords liberal construction to the drafting of lien notices, and permits substantial compliance with Section 48-2-6. *Chavez v. Sedillo*, 1955-NMSC-039, ¶ 17, 59 N.M. 357, 284 P.2d 1026. To a point. "[T]he reason which underlies the [liberal construction rule] is that the claim of lien must not only contain a statement of the terms, time given and conditions of the contract, but such statement must be true." *Id.*

6

(emphasis omitted). However, no New Mexico case has yet made the verification requirement superfluous. For reasons that follow, we conclude that even in a common law atmosphere with plenty of slack for drafting liens, there are requirements that are immutable, particularly a verification upon oath of the underlying claim that must be set out in the lien notice. Sonida misapprehends the latitude our courts have provided claims of lien as affording sanction to their total lack of compliance with the verification requirement of the statute.

## A. Verification Requires a Formal Assertion of the Truth of the Lien's Contents

{13} By definition, "verification" is "confirmation of correctness, truth, or authenticity by affidavit, oath, or deposition." *Black's Law Dictionary*, 1732 (1968 4th ed). Our courts' construction of what it means for a lien to "be verified by the oath of [the claimant] or of some other person" is of long standing. Section 48-2-6. "In the early days of our history, [our Supreme Court] was disposed to hold that the mechanics lien law was in derogation of the common law and should be strictly construed[.]" *Home Plumbing*, 1962-NMSC-075, ¶¶ 6-7 (internal quotation marks and citation omitted). This construction applied to the verification requirement. *Finane v. Las Vegas Hotel & Improvement Co.*, 1885-NMSC-023, ¶ 13, 3 N.M. 411, 5 P. 725 ("[Verification] is a substantial and necessary requirement, and must be complied with in order to make the claim of lien effectual. The statute makes it

obligatory by the use of the word 'must,' and we think it was error for the court below to have admitted the [unverified] paper in evidence."), *overruled on other grounds by Ford v. Springer Land Ass'n*, 1895-NMSC-011, 8 N.M. 37, 41 P. 541.[2]

{14}     In *Minor v. Marshall*, 1891-NMSC-029, 6 N.M. 194, 27 P. 481, the Supreme Court of the Territory New Mexico loosened the requirements for stating the claim itself under the statute, permitting substantial compliance to suffice in alleging its five factual requirements. *Id.* ¶ 6. With regard to the requirement that the claim be "verified by the oath of himself, or of some other person[,]" it held "if such claim is not verified, it is no notice, and binds no one; it raises no lien whatever." *Id.* ¶ 7 (internal quotation marks and citation omitted). Although the strict view as to a lien's factual claims was repudiated in *Ford*, as noted above, this was only to the extent that the statements covered by the claimant's oath be liberally construed. *Ford* went on to explain that "the notice of claim of lien, being the foundation of the action, must contain all the essential requirements of the statute, and the failure or omission on the part of the person claiming the lien of any of the substantial requisites of the statute is fatal, and will defeat the action." 1895-NMSC-011, ¶ 7. The verification requirement has always been regarded as a requisite element of compliance with the

---

[2] Although *Ford* is generally recognized as overruling *Finane*, and instituting the "liberal construction," we note that the claim of lien in *Ford* was properly verified, and the issue of verification was not raised. 1895-NMSC-011, ¶ 9. *Ford* applied solely to the description of the claim. *Id.* ¶ 8.

statute. *Hot Springs Plumbing & Heating Co. v. Wallace*, 1933-NMSC-092, ¶ 40, 38 N.M. 3, 27 P.2d 984 (citing *Lyons v. Howard*, 1911-NMSC-039, 16 N.M. 327, 117 P. 842), held that notwithstanding liberal construction, and substantial compliance with verification, the claimant must still "verify [the] same on his own oath, or the oath of some other person" to verify the good faith of his claim of right to a lien. *Id.*

{15} Although the requirement of verification on oath has not changed, there has been some "liberal construction" permitted with regard to verification. Under *Lyons*, "[n]o particular *form* of verification is required by our statute, nor is it specifically required thereby that the verification shall be true to the knowledge of affiant." *Lyons*, 1911-NMSC-039, ¶ 5 (emphasis added). Neither is it required that the affiant has personal knowledge of the claim's truth. *Id.* ¶ 6. This is, however, the extent of "liberal construction" permitted a lienor's verification of good faith under Section 48-2-6. However liberally the contents of a notice of lien might be construed, no case to date obviates the specific requirement for a positive verification upon oath of the contents of a notice of lien, and Sonida directs us to none. *See, e.g.*, *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that this court does not consider arguments not supported by citation to authority).

**B.** *Home Plumbing* **and** *Garrett* **Affirm the Requirement of Verification**

{16} Liberal construction of the lien statute cannot reach so far as to rescue an unverified lien. In *Home Plumbing*, two related but separate businesses sought to foreclose on their respective claims of lien against property owned by the defendant. 1962-NMSC-075, ¶ 1. Both claims of lien were signed by the same person. On the the first claim of lien, as in this case, the signature was only followed by "an acknowledgment in the form generally provided by § 43-1-9, N.M.S.A.1953, for acknowledging instruments affecting real estate." *Home Plumbing*, 1962-NMSC-075, ¶ 4. The second indicated that the person who signed it, "[b]eing duly sworn . . . has read said claim and knows the contents thereof; and that the matters and facts therein started (sic) are true and correct." *Id.* ¶ 5 (internal quotation marks and citation omitted). Because the question in the case was "if the two claims here in issue are verified by oath" as required by the statute, *id.* ¶ 6, the court concluded that the latter claim was verified. *Id.* ¶ 9. The Court stated that, owing to the absence of "any words whatsoever which by intendment, plain, or otherwise, 'were designed to operate as a verification,' " it did not "find where the statement of claim was in any manner sworn to." *Id.* ¶ 10 (internal quotation marks omitted). The Court held that liberal construction did not apply:

> While reiterating our adherence to the rule of liberal construction, we are convinced that with a total absence of any words confirming

10

correctness, truth or authenticity by affidavit, oath, deposition or otherwise, to conclude that the acknowledgment to the instant claim of lien was a sufficient compliance with the requirements of a verification would be stretching the rule of liberal construction beyond recognition, and would approach judicial repeal of the legislative mandate that claims should be verified by oath.

*Id.* ¶12. *Garrett* also recognizes that Section 48-2-6 requires "that a materialman's claim of lien must be verified by the oath of the party or some other person." 1981-NMSC-009, ¶ 3.

{17} Because the ultimate goal in statutory construction "is to ascertain and give effect to the intent of the Legislature[,]" *State v. Cleve*, 1999-NMSC-017, ¶ 8, 127 N.M. 240, 980 P.2d 23, we hold that the intent of the Legislature in enacting Section 48-2-6 is to require some positive affirmation of good faith undertaken upon oath as to the contents of a notice of lien to render any claim thereof valid. Following *Home Plumbing* and *Garrett*, the absence of some discernable and formal confirmation of the truth, correctness, or authenticity of a claim of lien by the claimant or another person constitutes no verification, and any claim of lien that fails in that regard creates no lien.

**C.    Sonida's Concept of "Substantial Compliance" Is Unavailing**

{18} According to Sonida, in *Garrett*, our "Supreme Court recognized that the liens at issue, even though they did not meet the statutory requirements, were filed and recorded and were sufficient notice to the parties that the liens existed." (Emphasis

11

omitted.) It seems Sonida urges us to adopt a liberal construction rule to obviate verification entirely, as they suppose the Supreme Court applied it in that case. Sonida is not specific in its brief as to which "statutory requirements" *Garrett* dealt with, but Sonida immediately quotes *New Mexico Properties, Inc. v. Lennox Industries, Inc. (Lennox)*, 1980-NMSC-087, 95 N.M. 64, 618 P.2d 1228, holding that the lack of an acknowledgment does not defeat "an otherwise valid lien" that had been filed and recorded between the parties to the action. We take this as an indication that perhaps Sonida believes that since *Garrett* permitted unrecorded notices to give effect to notice between "parties to the action," 1981-NMSC-009, ¶ 9, its acknowledgments will carry the day. However in both *Garrett* and *Lennox*, the liens were properly verified. *Lennox*, 1980-NMSC-087, ¶¶ 2, 7; *Garrett*, 1981-NMSC-009, ¶ 5. Both cases specifically recognized that verification was a mandatory requirement of the lien statute. *Lennox*, 1980-NMSC-087, ¶ 6; *Garrett*, 1981-NMSC-009, ¶ 5. Sonida's reliance on both cases fails because the liens it filed were not "otherwise valid" under Section 48-2-6, whatever the status of a lien's acknowledgments. Thus, Sonida's briefing misstates the law in two important respects. First, both *Lennox* and *Garrett* specifically affirmed "the statutory requirement that the lien must be verified by oath of a party." *Garrett*, 1981-NMSC-009, ¶ 5. Second, in *Lennox*, our Supreme Court specifically recognized that an

12

acknowledgment is "insufficient to comply with the verification requirement of Section 48-2-6." *Lennox*, 1980-NMSC-087, ¶ 6. Without compliance with the verification to establish the lienor's good faith in attaching its claim to the property of another, and thereby putting the claimant's "skin in the game" so to speak, Sonida's acknowledgments cannot in any way validate its claims of lien.

**D.  Acknowledgments Do Not Substitute For Verification**

{19}  *Home Plumbing* clearly establishes that the total absence of words of verification in a claim of lien renders it "unenforceable." 1962-NMSC-075, ¶ 12. "It is established in law that a verification is a sworn statement of the truth of the facts stated in the instrument which is verified. A verification differs from an acknowledgment in that the latter is a method of authenticating an instrument by showing that it was the act of the person executing it." *H.A.M.S. Co. v. Elec. Contractors of Alaska, Inc.*, 563 P.2d 258, 260 (Alaska 1977). Section 48-2-6 does not require that liens contain an acknowledgment, and a lien's validity is not affected by the lack of acknowledgment under NMSA 1978, Section 14-8-4 (2013). *See* § 14-8-4 ("Acknowledgment necessary for recording; exceptions."); *Lennox*, 1980-NMSC-087, ¶ 7 ("Absent a valid acknowledgment, an instrument may not be treated as a recorded instrument."). Our Supreme Court has stated that although the lien statute is remedial in nature and liberally construed, our appellate courts "will not apply

13

liberal construction to create a lien where none is authorized." *Vulcraft v. Midtown Bus. Park, Ltd.*, 1990-NMSC-095, ¶ 12, 110 N.M. 761, 800 P.2d 195. As in *Home Plumbing*, we cannot take up Sonida's invitation to write out of existence even a liberally-construed verification requirement. We know from *Lennox*, 1980-NMSC-087, ¶ 2, that pre-printed lien forms with sufficient verifications are available for sale. Had Sonida's attorney verified the liens, rather than only notarized their acknowledgments, the lien would have been valid. *See Marsh v. Coleman*, 1979-NMSC-067, ¶ 23, 93 N.M. 325, 600 P.2d 271 (holding that an attorney can verify a lien stating a belief that the claims were true); *but see*, *In re Reif*, 1996-NMSC-026, ¶ 10, 121 N.M. 758, 918 P.2d 344 (holding that a verification signed "for" the client "by" the attorney was "a nullity, being neither the oath [of the client] nor [the attorney]").

## E.    Sonida's Lien Was Void *Ab Initio*

{20}    We are not alone in our view that these New Mexico cases uphold the verification requirement. Both *Home Plumbing* and *Garrett* were recognized by the Wyoming Supreme Court as demonstrating that, even under a liberal construction and substantial compliance rule, "the courts require some language in the lien statement which indicates the subscriber swears to the truth of the materials contained therein in order to comply with the verification requirement." *White v. Diamond Int'l Corp.*,

14

665 P.2d 463, 468 (Wyo. 1983). Similarly, the Utah Supreme Court cited *Home Plumbing* as one of a number of cases holding that, although inclusion of sufficient specified facts can constitute substantial compliance with a lien statute, the verification requirement was a separate portion of the statute that articulates "mandatory conditions precedent to the very creation and existence of the lien[,]" without which "no lien is created." *First Sec. Mortg. Co. v. Hansen*, 631 P.2d 919, 922 (Utah 1981) (internal quotation marks and citation omitted); *Home Plumbing*, 1962-NMSC-075, ¶ 12 ("[T]he court erred in its conclusion that the [unverified lien] . . . was enforceable."). Put another way in *First Security Mortgage*, "Verification is not a hypertechnicality that we can discount. Without verification, no lien is created. Our statute leaves no room for doubt as to the requirement of a verified notice of claim . . . . [S]ince a mechanic's lien is statutory and not contractual, a lien cannot be acquired unless the claimant complies with the statutory provisions." 631 P.2d at 922. "The simple and conclusive answer to the suggestion is that a mechanic's lien never comes into existence unless the notice upon which it is founded substantially complies with the statute which authorizes the creation of such liens." *Toop v. Smith*, 73 N.E. 1113, 1115 (N.Y. 1905).

{21}     Irrespective of any latitude permitted in its form, the absence of a lien claimant's verification upon oath defeats an immutable requirement under Section 48-

15

2-6. Sonida's failure to verify the claims of lien that it filed thus caused no valid lien to be created. We hold that because, according to Sonida, "the Claims of Lien lack the verification," they are void *ab initio*, because no valid lien was created. They could not therefore support a foreclosure action on the lien as a matter of law, *State ex rel. Madrid v. UU Bar Ranch Ltd. P'ship*, 2005-NMCA-079, ¶ 19, 137 N.M. 719, 114 P.3d 399 (holding that failure to comply with a clear, unambiguous and mandatory statutory requirement or condition precedent invalidated the subsequent action), or provide any basis for action under Section 48-2-14 or attorney fees to be awarded under that statute.

**Sufficiency of a Lien Is Not an Affirmative Defense That Must Be Raised In the Complaint**

{22}    SPO specifically denied in its answer that the lien(s) filed entitled Sonida either to foreclose on them, or to any award of attorney fees in an action based upon them. It followed up its averments by filing a motion for summary judgment on Sonida's foreclosure claim, requesting that the district court declare the "Claims of Lien to be void *ab initio*" based specifically on *Home Plumbing*, as well as  failure to comply with Section 48-2-6, even by substantial compliance. Sonida's response to the motion conceded that "as to the form of the Claims of Lien there is no disputed fact[,]" yet asserted that SPO was not entitled to judgment as a matter of law for failure to plead

16

a fatal defect in the liens as an affirmative defense. The district court denied SPO's motion.

{23}    Both the district court and Sonida seem to be laboring under a misconception. SPO's pleading that Sonida's lien was void *ab initio* for failure to comply with the statute (both with regard to its factual contents and its verification) is a purely legal question directed to an essential element of Sonida's foreclosure action. Sonida's response averred that it had no obligation to "specifically plead the verification or other specific contents of the Claims of Lien, even though those elements might form a condition precedent to recovery on the Claims of Lien." This is incorrect as a matter of law. "A lienholder must . . . prove compliance with the Act's provisions to establish his right to the statutory remedy and cannot claim surprise when a defendant attempts to defeat his claim by proof of noncompliance." *Cordeck Sales, Inc., v. Constr. Sys., Inc.*, 917 N.E.2d 536, 541 (Ill. App. Ct. 2009). Our courts have always held that when a lien is specifically created by statute, the lien must comply with the requirements of the statute. *Air Ruidoso, Ltd. v. Exec. Aviation Ctr., Inc.*, 1996-NMSC-042, ¶ 6, 122 N.M. 71, 920 P.2d 1025 (holding that "[a] lienor who seeks to enforce a statutory lien must comply with any statutory requirement with respect to enforcement of such a lien" (quoting *Unger v. Checker Taxi Co.*, 174 N.E.2d 219, 221 (Ill. App. Ct. 1961)).

{24}   The proper verification of a lien is a mandatory predicate to its validity, and the existence of a valid lien is an element of a cause of action in foreclosure of it. Sonida is obligated to affirmatively demonstrate its compliance with Section 48-2-6 to plead a prima facie case in its complaint. Sonida's complaint alleged nothing more than it was "entitled to claim" a lien. SPO's raising the lien's validity is not an affirmative defense if based on Sonida's failure to comply with the statute's requirements. *See Cordeck*, 917 N.E.2d at 541 (holding that the assertion of statutory non-compliance is no surprise to the plaintiff, for whom compliance is an element of his cause of action, and cannot be held to be an affirmative defense); *Sullivan Contracting, Inc. v. Turner Constr. Co.*, 875 N.Y.S.2d 695, 697 (N.Y. App. Div. 2009).

{25}   Sonida's reliance on *Beyale v. Arizona Public Service Co.*, 1986-NMCA-071, 105 N.M. 112, 729 P.2d 1366, to defeat SPO's motion as an affirmative defense "that was not pled in their answer" is of no avail. In *Beyale*, we clearly stated that an affirmative defense is a "state of facts provable by [a] defendant that will bar [a] plaintiff's recovery once a right to recover is established." *Id.* ¶ 13. The invalidity of the lien in this case is based in a defect barring the very right to recover on the elements of the claim as a matter of law, not facts. As such, it is not an affirmative defense. We have already held that a right to recovery cannot be established based on an invalid lien. There is no virtue in Sonida's assertion that it is not obligated to

18

plead as part of its complaint those elements of the lien under Section 48-2-6 as a predicate for recovery; regardless of its pleading, it had the obligation to meet its burden of proof.

{26} Further, in *Beyale*, a workers' compensation case, we held that because a failure to give notice of an injury had not been raised by the defense until a motion for a new trial, it was fairly denied by the trial court. We specifically stated that although the defense must have been pled, it did not have to be specifically pled in the defendant's answer, as would an affirmative defense. 1986-NMCA-071, ¶ 24. In this case, SPO raised the issue of the defect in the lien in its motion for summary judgment, and Sonida conceded in its response that there were no material facts in dispute concerning the form of the liens. From both parties' pleadings regarding the issue, we cannot but conclude that Sonida was aware of its obligations regarding compliance with the statute.

**CONCLUSION**

{27} Because no lien was created, no award of attorney fees can be "related to" or "arise out of" an action based upon a nullity. For the foregoing reasons, we reverse the district court's award of attorney fees and remand for proceedings consistent with this Opinion.

{27}   IT IS SO ORDERED.

_____

RODERICK T. KENNEDY, Judge

WE CONCUR:

_____

JAMES J. WECHSLER, Judge

_____

MICHAEL D. BUSTAMANTE, Judge